THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John A. Hall,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Department of Public Safety,       
Respondent.
 
 
 

Appeal From Lancaster County
Paul E. Short, Jr., Circuit Court Judge

Unpublished Opinion No. 2004-UP-357
Submitted May 12, 2004  Filed June 
 4, 2004

AFFIRMED

 
 
 
Francis L. Bell, Jr., of Lancaster, for Appellant.
Patrick M. Teague, of Blythewood, for Respondent.
 
 
 

PER CURIAM:  John A. Hall appeals a circuit 
 court ruling upholding the South Carolina Department of Public Safetys order 
 suspending his drivers license for driving under the influence.  We affirm.
In November 2000, Hall was detained at a license 
 checkpoint conducted by the South Carolina Highway Patrol after a patrolman 
 detected the smell of alcohol in his car.  After Hall failed a field sobriety 
 test, he was placed under arrest and taken to the Lancaster Detention Center.  
 Once there, Hall took a breathalyzer test which indicated an alcohol concentration 
 of 0.18 percent.  Because Hall registered an alcohol concentration in excess 
 of 0.15 percent, his drivers license was immediately suspended.  Hall 
 subsequently challenged the suspension in an administrative hearing but the 
 hearing officer sustained the suspension.  On its appellate review, the circuit 
 court likewise found no error and affirmed the suspension.   
Hall asserts the following errors: 1) the circuit court 
 should have remanded the case for further determination by the Hearing Officer 
 on the issue of the reliability and admissibility of the breathalyzer results; 
 2) the Hearing Officer erred by failing to dismiss the charges because the Department 
 did not introduce into evidence the videotapes of Hall at the site where he 
 was initially arrested or at the breathalyzer site; and 3) the Department erred 
 by failing to enter individual findings for each of the factual considerations 
 South Carolina Code section 56-5-2951 lists as being within the scope of an 
 administrative hearing for a person whose license was suspended for DUI.
We affirm [1] pursuant to Rule 220(b), SCACR, and the following 
 authorities:  S.C. Code Ann. § 1-23-380(A)(6) (Supp. 2003) (limiting appellate 
 modification of agency decisions to those causing prejudice to substantial rights); 
 S.C. Code Ann. § 56-5-2951(A) (Supp. 2003) (The Department of Motor Vehicles 
 must suspend the driver's license  [of] a person who drives a motor vehicle 
 and  has an alcohol concentration of fifteen one-hundredths of one percent 
 or more.); S.C. Code Ann. § 56-5-2951(F) (Supp. 2003) (stating that the scope 
 of the administrative hearings on license suspension must be limited to several 
 specific topics); S.C. Code Ann. § 56-5-2953(A) (Supp. 2003) (allowing any party 
 to the action to admit incident site or breath test site videotapes); Cooper 
 v. Moore, 351 S.C. 207, 212, 569 S.E.2d 330, 332 (2002) (holding that when 
 the terms of a statute are clear, the court must apply those terms according 
 to their literal meaning); State v. Huntley, 349 S.C. 1, 6, 562 S.E.2d 
 472, 474 (2002) (holding breathalyzer results were admissible absent a showing 
 by the defendant of prejudice resulting from the use of the wrong concentration, 
 because [e]vidence the simulator test was not run in conformity with Act 434 
 goes to the weight, not the admissibility, of Huntleys breathalyzer results.); 
 Rowe v. Hyatt, 321 S.C. 366, 369, 468 S.E.2d 649, 650 (1996) (holding 
 that words must be given their plain and ordinary meaning without resorting 
 to forced construction which limits or expands the statutes operation); Worsley 
 Cos. v. South Carolina Dept of Health & Envtl. Control, 351 S.C. 97, 
 103, 567 S.E.2d 907, 910 (Ct. App. 2002) (holding issue presented on appeal 
 was not preserved for review where appellant failed to raise the argument at 
 the trial level).
 AFFIRMED.
HEARN, C.J., STILWELL, J., and CURETON, A.J., concur. 

 
 [1]  We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.