23999

NATIONAL ADVERTISING COMPANY, INC., Respondent v.
MOUNT PLEASANT BOARD OF ADJUSTMENT, Appellant.
(440 S.E. (2d) 875)

Supreme Court

*William B. Regan* and *Frances I. Cantwell,* both of *Regan and Cantwell,* Charleston, *for appellant.*

*Robert N. Rosen* and *Donald B. Clark,* both of *Rosen, Rosen & Hagwood, P.A.,* Charleston, *for respondent.*

Heard Dec. 10, 1993.

Decided Jan. 24, 1994.

LITTLEJOHN, Acting Associate Justice:

The Mount Pleasant Board of Adjustment (Board) appeals from the reversal of its ruling that Mount Pleasant zoning ordinances prevent National Advertising Company, Inc. (National) from repairing billboards damaged by Hurricane Hugo. We affirm.

## I. *FACTS*

National applied for permits to repair four billboards in Mount Pleasant that were damaged by Hurricane Hugo. The Mount Pleasant Department of Planning and Engineering (Department) denied the permits on the ground that the repairs were prohibited by Zoning Code § 155.97(C)(1), which prohibits the repair of any nonconforming sign if the cost to repair the sign exceeds fifty percent of replacement cost. The Department also asserted that repairs were prohibited by Zoning Code § 155.72(E), which requires that repair to nonconforming "buildings" be commenced within six months. National appealed the Department's decision to the Board.

The Board found that a sign known as the "Quincy" sign could be repaired in accordance with section 155.97. However, the Board further found that because authorized work was

not begun within six months, all repairs were prohibited by section 155.72(E). National appealed to circuit court.

The circuit judge affirmed the Board's findings as to the cost of repairing the "Quincy" sign and two others, but reversed the Board's ruling that section 155.97 prohibited the repair of a sign known as the "Channel 2" sign on the ground that there was no evidence that the cost to repair that sign exceeded fifty percent of its replacement cost. The circuit judge also ruled that section 155.72(E) did not apply to signs. In accordance with these rulings, the circuit judge ordered the Board to approve National's applications for permits to repair the "Channel 2" and "Quincy" signs. The Board appealed.

## II. *DISCUSSION*

The Board first argues that the circuit judge erred in finding that its ruling as to the cost to repair the "Channel 2" sign was not supported by any evidence. We disagree.

The Board's factual findings must be affirmed if there is any evidence in the record to support them and they are not influenced by an error of law. *See Fairfield Ocean Ridge, Inc. v. Town of Edisto Beach*, 294 S.C. 475, 366 S.E. (2d) 15 (Ct. App. 1988) (citing S.C. Code Ann. § 6-7-780). Here, the Board contends that the testimony of an expert who rode past the damaged sign on the way to the hearing and opined that it "looked like it was pretty well blowed away" is evidence that the cost to repair the sign exceeded fifty percent of replacement cost. Clearly, this testimony provides no evidence of either the cost to repair or the cost to replace the "Channel 2" sign. The only other evidence in the record on this issue shows that the cost to repair the "Channel 2" sign is approximately forty percent of replacement cost. Accordingly, we find that the circuit judge was correct in ruling that the Board's finding with regard to the cost to repair the "Channel 2" sign was not supported by any evidence.

The Board next argues that the circuit judge erred in ruling that the six-month limitation contained in section 155.72(E) did not apply to signs. We disagree.

Sign regulations in the Mount Pleasant Zoning Code are located in section 155.97, which is entitled "SIGN REGULATIONS." The Board's argument that signs

are also governed by section 155.72, which is entitled "NON-CONFORMING STRUCTURES AND USES," would place sections 155.97(C) and 155.72(E) in direct conflict. It is well settled that statutes in apparent conflict should, if possible, be construed so as to allow both to stand and to give effect to each. *Higgins v. State*, 307 S.C. 446, 415 S.E. (2d) 799 (1992). Where conflicting provisions exist, the last in point of time or order of arrangement prevails. *Ramsey v. County of McCormick*, 306 S.C. 393, 412 S.E. (2d) 408 (1991). Specific laws prevail over general laws. *Whiteside v. Cherokee Co. School Dist. No. One*, — S.C. —, 428 S.E. (2d) 886 (1993). Accordingly, we reject the Board's claim that section 155.72(E) requires that repairs to nonconforming signs be commenced within six months and hold that section 155.97 governs this action.

For the foregoing reasons, the order of the circuit judge is

Affirmed.

CHANDLER, A.C.J., and FINNEY, TOAL and MOORE, J.J., concur.