669 S.E.2d 899

**SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and South Carolina State Ports Authority, Respondents.**

**South Carolina Coastal Conservation League, Appellant,**

v.

**South Carolina Department of Health and Environmental Control, South Carolina Department of Transportation, and South Carolina State Ports Authority, Respondents.**

No. 4450.

Court of Appeals of South Carolina.

Heard Oct. 21, 2008.

Decided Oct. 23, 2008.

Rehearing Denied Dec. 19, 2008.

352

354

J. Blanding Holman, IV and W. Jefferson Leath, both of Charleston, for Appellant.

Sara P. Bazemore and Carlisle Roberts, Jr., both of Columbia, and Evander Whitehead, of North Charleston, for Respondent.

South Carolina Department of Health and Environmental Control. Deborah B. Durden, of Columbia, for Respondent.

South Carolina Department of Transportation. Mitchell Willoughby and Randolph R. Lowell, both of Columbia, and Philip L. Lawrence, of Charleston, for Respondent.

ANDERSON, J.:

The South Carolina Coastal Conservation League ("Coastal") appeals the decision of the Administrative Law Court ("ALC") to grant orders of dismissal in contested case hearings regarding the bestowal of permits to the South Carolina State Ports Authority ("SPA") and the South Carolina Department of Transportation ("DOT") and the issuance of orders of dismissal denying Coastal's motions for reconsideration. Coastal contends the ALC judge erred by (1) misinterpreting the pertinent appeals period for agency decisions, (2) failing to properly invoke jurisdiction over the matter, (3) ignoring issues of waiver, estoppel, and equitable tolling, (4) violating due process rights through a mistaken statutory interpretation, and (5) abusing the court's discretion by denying the motions for reconsideration. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The South Carolina State Ports Authority and the South Carolina Department of Transportation each filed permit applications with the South Carolina Department of Health and Environmental Control ("DHEC") regarding a proposed project to develop the area around the former Charleston Naval Base. The goal of the project was the construction of a 300–

acre marine container terminal. Additionally, in order to provide access to the facility, the DOT intended to construct an access road linking the terminal with Interstate 26.

DHEC issued public notice of the pendency of the applications and conducted hearings to receive comments from concerned citizens and interested parties regarding the permits. The South Carolina Coastal Conservation League participated in these hearings and provided comments to DHEC expressing concernment over the potential negative effects that might flow from the construction. Although Coastal filed comments with DHEC objecting to the permits, the record contains no evidence Coastal filed a request for notification from DHEC when a decision was reached on each of the applications.

After conducting an evaluation of the proposal with consideration given to all information received from the public hearings, including the comments from Coastal, DHEC department staff granted all necessary permits requested for the project. DHEC issued a permit to the SPA on October 30, 2006, and sent a copy through certified mail the following day, October 31, 2006. Based on an error in the original permit, a revised permit was sent to the SPA on November 2, 2006. On November 13, 2006, DHEC mailed a permit to the DOT via certified mail. Both permits consisted of a critical area permit, a coastal zone consistency certification, and a Section 401 water quality certification.

In response to the issuance of these permits, multiple requests for a final review before the South Carolina Board of Health and Environmental Control ("DHEC Board") were filed. The SPA filed for review of its permit on November 13, 2006. Coastal filed a request regarding the SPA permit on November 20, 2006, and a motion to intervene in the SPA's request on December 6, 2006. Additionally, Coastal filed a request for review concerning the DOT permit on November 30, 2006.

The DHEC Board scheduled a final hearing to address the two permits for January 11, 2007. On the day of the hearing, the SPA and DHEC staff announced an agreement had been reached regarding the SPA's permit. The DHEC Board continued with the hearing in order to address Coastal's concerns and ignored objections from the SPA and DHEC

staff that Coastal's requests for hearings were not timely filed. In its order dated February 8, 2007, the DHEC Board issued the final agency decision granting the permits with only minor revisions to the DOT permit and with the agreed-upon changes to the SPA permit.

Based on the decision of the DHEC Board, Coastal requested contested case hearings with the Administrative Law Court on March 9, 2007, for the SPA and DOT permits. The ALC judge granted the SPA's motion to intervene with the consent of all parties. Subsequently, the SPA filed motions to dismiss in both cases on the grounds that the ALC lacked jurisdiction to decide the matters due to Coastal's failure to timely file for review before the DHEC Board. On July 2, the ALC judge conducted a hearing on the motions for dismissal.

On September 4, 2007, the ALC judge issued an order dismissing both cases. In reaching this decision, the ALC judge concluded:

S.C.Code Ann. § 44–1–60(E) clearly provides the exclusive mechanism for review under the facts and circumstances presented in this case. The fifteen-day time period within which to file a request for final review begins upon mailing the notice of the staff decision to the applicant. It is undisputed that the League failed to file a request for final review with the Board within the statutory time frame. The arguments offered by the League to excuse this failure to timely file are unavailing. Therefore, this Court lacks jurisdiction over this matter, and this case must be dismissed.

Following the issuance of the order, Coastal filed a motion for reconsideration with the ALC on September 18, 2007. The motion was denied as untimely. Coastal filed a second motion for reconsideration requesting a review of the original ALC order and the first order for reconsideration. On October 1, 2007, Coastal filed a notice of appeal with the Court of Appeals. Based on the pending appeal, the ALC issued an order declining to rule on the second motion for reconsideration and to make any additional rulings on the controversy.

### ISSUES

1. Did Coastal's dual requests for final review before the DHEC Board, which were not filed within fifteen days from

the date notice was mailed to the permit applicants, prevent the Administrative Law Court from conducting a contested case hearing on the matter?

2. Did principles of waiver, estoppel, and equitable tolling entitle Coastal to a contested case hearing before the Administrative Law Court regardless of the timeliness of the request for final review?

3. Did the Administrative Law Court deny Coastal due process rights through its application of Section 44–1–60?

4. Did the Administrative Law Court abuse its discretion by striking Coastal's Motion for Reconsideration as untimely?

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act (APA) articulates the standard for judicial review of cases decided by the ALC. *See* S.C.Code Ann. § 1–23–610(B)–(C) (Supp.2007); *Olson v. S.C. Dep't of Health & Envtl. Control,* 379 S.C. 57, 63, 663 S.E.2d 497, 500–501 (Ct.App.2008) ("Judicial review of the ALC judge's order is governed by section 1–23–610(C). . . ."). Section 1–23–610(C) of the South Carolina Code illuminates:

> The review of the administrative law judge's order must be confined to the record. The reviewing tribunal may affirm the decision or remand the case for further proceedings; or it may reverse or modify the decision if the substantive rights of the petitioner has been prejudiced because of the finding, conclusion, or decision is:
>
> (a) in violation of constitutional or statutory provision;
>
> (b) in excess of the statutory authority of the agency;
>
> (c) made upon unlawful procedure;
>
> (d) affected by other error of law;
>
> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C.Code Ann. § 1–23–610(C).

In similitude to the standard established by the APA and codified in Section 1–23–380(A)(5) for review of decisions of the Worker's Compensation Commission and other adminis-

trative agencies, the applicable measure of review is the substantial evidence rule. S.C.Code Ann. § 1–23–380(A)(5) (Supp.2007); *see Hernandez–Zuniga v. Tickle,* 374 S.C. 235, 242, 647 S.E.2d 691, 694 (Ct.App.2007); *Hall v. United Rentals, Inc.,* 371 S.C. 69, 78–79, 636 S.E.2d 876, 881 (Ct.App.2006) (citing *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981); *Hargrove v. Titan Textile Co.,* 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct.App.2004)). Decisions of the ALC judge should not be overturned by the reviewing court unless they are unsupported by substantial evidence or controlled by some error of law. *Olson,* 379 S.C. at 63, 663 S.E.2d at 501 ("[T]his court can reverse the ALC if the findings are affected by error of law, are not supported by substantial evidence, or are characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *see* S.C.Code Ann. § 1–23–610(C); *see, e.g., Grant v. Grant Textiles,* 372 S.C. 196, 200, 641 S.E.2d 869, 871 (2007); *Hall,* 371 S.C. at 79, 636 S.E.2d at 882; *Smith v. NCCI, Inc.,* 369 S.C. 236, 246, 631 S.E.2d 268, 273–274 (Ct.App.2006); *Bass v. Isochem,* 365 S.C. 454, 467, 617 S.E.2d 369 (Ct.App.2005).

■■■ The decision must be affirmed if supported by substantial evidence in the record. *See Whitworth v. Window World, Inc.,* 377 S.C. 637, 640, 661 S.E.2d 333, 335 (2008); *Houston v. Deloach & Deloach,* 378 S.C. 543, 550, 663 S.E.2d 85, 88 (Ct.App.2008); *McGriff v. Worsley Cos., Inc.,* 376 S.C. 103, 109, 654 S.E.2d 856, 859 (Ct.App.2007). However, the reviewing court may reverse or modify the decision of the ALC judge if the finding, conclusion, or decision reached is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record" or is affected by an error of law. *Olson,* 379 S.C. at 63, 663 S.E.2d at 501; S.C.Code Ann. § 1–23–610(C)(d)–(e); *see also SGM–Moonglo, Inc. v. S.C. Dep't of Revenue,* 378 S.C. 293, 295, 662 S.E.2d 487, 488 (Ct.App.2008) ("The court of appeals may reverse or modify the decision only if the appellant's substantive rights have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law.").

 Substantial evidence is evidence that, when viewing the record as a whole, would allow reasonable minds to reach the same conclusion the ALC arrived at in justifying its decision. *Olson,* 379 S.C. at 63, 663 S.E.2d at 501; *see Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Natural Res.,* 345 S.C. 594, 605, 550 S.E.2d 287, 294 (2001); *Jones v. Harold Arnold's Sentry Buick, Pontiac,* 376 S.C. 375, 378, 656 S.E.2d 772, 774 (Ct.App.2008); *McGriff,* 376 S.C. at 109, 654 S.E.2d at 859; *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund,* 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct.App.2005); *Corbin v. Kohler Co.,* 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct.App.2002). Substantial evidence is more than a mere scintilla of evidence. *Whitworth,* 377 S.C. at 640, 661 S.E.2d at 335; *Miller by Miller v. State Roofing Co.,* 312 S.C. 452, 454, 441 S.E.2d 323, 324–325 (1994); *Laws v. Richland County Sch. Dist. No. 1,* 270 S.C. 492, 495–496, 243 S.E.2d 192, 193 (1978); *Kimmer v. Murata of America, Inc.,* 372 S.C. 39, 44, 640 S.E.2d 507, 509 (Ct.App.2006). " 'Quantitatively, substantial evidence is something less than the weight of the evidence.' " *Smith,* 369 S.C. at 247, 631 S.E.2d at 274 (quoting *Howell v. Pac. Columbia Mills,* 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987)); *see Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n,* 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984); *Ellis v. Spartan Mills,* 276 S.C. 216, 218, 277 S.E.2d 590, 591 (1981). "The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence." *Olson,* 379 S.C. at 63, 663 S.E.2d at 501 (citing *DuRant v. S.C. Dep't of Health & Envtl. Control,* 361 S.C. 416, 420, 604 S.E.2d 704, 707 (Ct.App.2004); *accord Sharpe v. Case Produce, Inc.,* 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999); *Bass,* 365 S.C. at 468, 617 S.E.2d at 376.

 This Court, although not bound by the decision, will ordinarily defer to the opinion of a state agency as to the interpretation of a statute it is charged with the duty of enforcing. *Thompson ex rel. Harvey v. Cisson Constr. Co.,* 377 S.C. 137, 159, 659 S.E.2d 171, 182 (Ct.App.2008); *Hardee v. McDowell,* 372 S.C. 413, 417, 642 S.E.2d 632, 634 (Ct.App. 2007); *Comm'rs of Pub. Works v. S.C. Dep't of Health & Envtl. Control,* 372 S.C. 351, 359, 641 S.E.2d 763, 767 (Ct.App. 2007). "[T]he construction of a statute by an agency charged

with its administration will be accorded the most respectful deference and will not be overruled absent compelling reasons." *Pressley v. REA Const. Co., Inc.*, 374 S.C. 283, 288, 648 S.E.2d 301, 303 (Ct.App.2007); *accord Bursey v. S.C. Dep't of Health & Envtl. Control,* 369 S.C. 176, 186–187, 631 S.E.2d 899, 905 (2006); *Barton v. Higgs,* 372 S.C. 109, 117, 641 S.E.2d 39, 44 (Ct.App.2007).

## *LAW/ANALYSIS*

The essence of the controversy in the case at bar revolves around the appellate process for administrative disputes. Coastal primarily alleges the ALC judge erred in finding Coastal's request for final review before the DHEC Board to be untimely, precluding the ALC from hearing the matter. Before addressing the immediate imbroglio, we must examine the administrative review process as prescribed by the State's legislature.

## I. Mandatory Review Process Enacted by Act No. 387

To bestow panoramic application of the law extant in regard to the mandated review process and to edify and inculcate the cognoscenti of administrative law jurisprudence in South Carolina, we review with specificity the law enacted by the General Assembly of the State in Act Number 387, effective July 1, 2006.

In Section 53 of the Act, the state legislature succinctly expressed the overriding purpose of the law:

This act is intended to provide a uniform procedure for contested cases and appeals from administrative agencies and to the extent that a provision of this act conflicts with an existing statute or regulation, the provisions of this act are controlling.

Act No. 387, § 53, 2006 S.C. Acts & Joint Resolutions. By enacting this legislation, the General Assembly remodeled the appellate process for administrative agencies in the state and amended several statutes addressing the direction and flow of appeals.

Under the new appellate procedure, if a party wishes to challenge the issuance of a permit by the South Carolina Department of Health and Environmental Control, the ag-

grieved party first must comply with the relief process established by the Act and codified in Section 44–1–60 of the South Carolina Code. When an applicant applies for a permit with DHEC, the initial determination of whether to issue or deny is a staff decision. S.C.Code Ann. § 44–1–60(C) (Supp.2007). After the staff members involved reach a consensus, DHEC releases a department decision either issuing or denying the permit. S.C.Code Ann. § 44–1–60(D) (Supp.2007).

A party wishing to challenge the department decision must file a written request for final review before the Board of Health and Environmental Control within "fifteen days after notice of the department decision has been mailed to the applicant[.]" S.C.Code Ann. § 44–1–60(E) (Supp.2007). If a request for final review is not made, the department decision becomes the final agency decision. *Id.* If a request is timely filed, the DHEC Board will either conduct a final review conference within sixty days or allow the time period to elapse. S.C.Code Ann. § 44–1–60(F) (Supp.2007). If the time period expires without a hearing, the department decision becomes the final agency decision. *Id.* If a review conference is held, the conclusion reached by the DHEC Board becomes final. *Id.*

Within thirty days of the deadline for the final review conference if no hearing is conducted or within thirty days after the receipt of the final agency decision, a party wishing to further challenge the permit must file a request for a contested case hearing with the ALC. *Id.* An ALC judge will hear the contested case and issue a written order on the matter. S.C.Code Ann. § 1–23–600(A) (Supp.2007).

"A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review." S.C.Code Ann. § 1–23–380(A). To initiate judicial review, the appellant must file a notice of appeal within thirty days of the final decision of the administrative agency. *Id.* A party appealing the final decision of the ALC judge in cases involving DHEC is entitled to an appeal to the Court of Appeals as a matter of right. S.C.Code Ann. § 1–23–610(B). If either party wishes further review following a decision by the Court of Appeals, contested administrative cases are subject to a

petition for certiorari to the South Carolina Supreme Court. S.C.Code Ann. § 1–23–390 (Supp.2007).

## II. Timeliness of Coastal's Request for Final Review before the DHEC Board

The dispute between Coastal, DHEC, the SPA, and the DOT centers on the proper interpretation of Section 44–1–60. Coastal avers the ALC judge committed reversible error by finding the time period to file a review request with the DHEC Board runs from the time the staff decision is mailed to the permit applicant. Coastal argues the fifteen-day limit does not begin to run until receipt of actual notice. We disagree. In reaching our conclusion, we address three primary areas relating to the controversy: (1) statutory interpretation of Section 44–1–60(E); (2) notice and compliance with filing deadlines in regard to the SPA permit and the DOT permit; and (3) the jurisdiction of both the DHEC Board and the ALC.

### A. Interpretation of Section 44–1–60(E)

### i. Rules of Statutory Construction

██ The cardinal rule of statutory interpretation is to ascertain and effectuate the legislature's intent. *Chem–Nuclear Sys., LLC v. S.C. Bd. of Health and Envtl. Control,* 374 S.C. 201, 205, 648 S.E.2d 601, 603 (2007); *Dreher,* 370 S.C. at 80, 634 S.E.2d at 648; *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 62, 504 S.E.2d 117, 121 (1998); *Peake v. S.C. Dep't of Motor Vehicles,* 375 S.C. 589, 597, 654 S.E.2d 284. 375 S.C. 589, 654 S.E.2d 284, 289 (Ct.App.2007); *Shealy v. Doe,* 370 S.C. 194, 199, 634 S.E.2d 45, 48 (Ct.App. 2006); *Bass,* 365 S.C. at 469, 617 S.E.2d at 377. In South Carolina, the court's foremost duty is to determine the intent of the General Assembly. *Peake,* 375 S.C. at 598, 654 S.E.2d at 289 (citing *Smith v. S.C. Ins. Co.,* 350 S.C. 82, 87, 564 S.E.2d 358, 361 (Ct.App.2002)). All rules of statutory constructions are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute. *McClanahan v. Richland County Council,* 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002);

*Ray Bell Constr. Co. v. Sch. Dist. of Greenville County,* 331 S.C. 19, 26, 501 S.E.2d 725, 729 (1998); *Thompson ex rel. Harvey,* 377 S.C. at 156, 659 S.E.2d at 180–181; *Bass,* 365 S.C. at 469, 617 S.E.2d at 377; *State v. Morgan,* 352 S.C. 359, 365–66, 574 S.E.2d 203, 206 (Ct.App.2002); *State v. Hudson,* 336 S.C. 237, 246, 519 S.E.2d 577, 581 (Ct.App.1999).

The first inquiry in deciphering the legislature's intent should begin by determining whether the statute's meaning is clear on its face. *Peake,* 375 S.C. at 597, 654 S.E.2d at 289 (citing *Wade v. Berkeley County,* 348 S.C. 224, 229, 559 S.E.2d 586, 588 (2002); *Eagle Container Co., L.L.C. v. County of Newberry,* 366 S.C. 611, 622, 622 S.E.2d 733, 738 (Ct.App.2005)). The legislative intent should be derived primarily from the plain language of the statute. *Bass,* 365 S.C. at 470, 617 S.E.2d at 377 (citing *State v. Landis,* 362 S.C. 97, 102, 606 S.E.2d 503, 505 (Ct.App.2004); *Morgan,* 352 S.C. at 366, 574 S.E.2d at 206; *Stephen v. Avins Constr. Co.,* 324 S.C. 334, 339, 478 S.E.2d 74, 77 (Ct.App.1996)); *Jones v. State Farm Mut. Auto. Ins. Co.,* 364 S.C. 222, 230, 612 S.E.2d 719, 723 (Ct.App.2005); *see also Peake,* 375 S.C. at 597–598, 654 S.E.2d at 289 ("With any question regarding statutory construction and application, the court must always look to legislative intent as determined from the plain language of the statute.") The statute's text is the best evidence of legislative intent or will. *Peake,* 375 S.C. at 598, 654 S.E.2d at 289 (citing *Jones,* 364 S.C. at 231, 612 S.E.2d at 724 (citing *Bayle v. S.C. Dep't of Transp.,* 344 S.C. 115, 122, 542 S.E.2d 736, 740 (Ct.App.2001))).

Clear and unambiguous statutes require no statutory construction and should be applied by the court according to their literal meaning. · *Sloan v. Hardee,* 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007); *Croft v. Old Republic Ins. Co.,* 365 S.C. 402, 412, 618 S.E.2d 909, 914 (2005); *Carolina Power & Light Co. v. City of Bennettsville,* 314 S.C. 137, 139, 442 S.E.2d 177, 179 (1994); *Grinnell Corp. v. Wood,* 378 S.C. 458, 467, 663 S.E.2d 61, 66 (Ct.App.2008); *White v. State,* 375 S.C. 1, 8, 649 S.E.2d 172, 176 (Ct.App.2007) (citing *Univ. of S. Cal. v. Moran,* 365 S.C. 270, 276, 617 S.E.2d 135, 138 (Ct.App. 2005)). The words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced con-

struction. *State v. Sweat*, 379 S.C.367, 665 S.E.2d 645, 650 (Ct.App.2008) (citing *Durham v. United Cos. Fin. Corp.*, 331 S.C. 600, 604, 503 S.E.2d 465, 468 (1998); *Adkins v. Comcar Indus., Inc.*, 323 S.C. 409, 411, 475 S.E.2d 762, 763 (1996); *Worsley Cos. v. S.C. Dep't of Health & Envtl. Control*, 351 S.C. 97, 102, 567 S.E.2d 907, 910 (Ct.App.2002)); *Grinnell Corp.*, 378 S.C. at 468, 663 S.E.2d at 66. Under the "plain meaning rule," it is not the court's place to change the meaning of a clear and unambiguous statute. *Vaughn v. Bernhardt*, 345 S.C. 196, 198, 547 S.E.2d 869, 870 (2001) (citing *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)); *Grinnell*, 378 S.C. at 468, 663 S.E.2d at 66.

 "The legislature is presumed to have fully understood the meaning of the words used in a statute and, unless this meaning is vague or indefinite, intended to use them in their ordinary and common meaning or in their well-defined legal sense." *Pee v. AVM, Inc.*, 344 S.C. 162, 168, 543 S.E.2d 232, 235 (Ct.App.2001); *accord Purdy v. Moise*, 223 S.C. 298, 304, 75 S.E.2d 605, 608 (1953); *Powers v. Fid. & Deposit Co. of Md.*, 180 S.C. 501, 509, 186 S.E. 523, 527 (1936). If the General Assembly declined to define a term within the statute, the Court should construe the word in accordance with its usual and customary meaning. *Pee*, 344 S.C. at 168, 543 S.E.2d at 235 (citing *Adoptive Parents v. Biological Parents*, 315 S.C. 535, 543, 446 S.E.2d 404, 409 (1994)). "[W]here a statute uses a term that has a well-recognized meaning in the law, the presumption is that the General Assembly intended to use the term in that sense." *State v. Bridgers*, 329 S.C. 11, 14, 495 S.E.2d 196, 198 (1997); *accord Allen v. Columbia Fin. Mgmt., Ltd.*, 297 S.C. 481, 488, 377 S.E.2d 352, 356 (Ct.App. 1988); *Smalls v. Weed*, 293 S.C. 364, 370, 360 S.E.2d 531, 534 (Ct.App.1987).

 "The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in light of its manifest purpose." *Floyd v. Nationwide Mut. Ins. Co.*, 367 S.C. 253, 260, 626 S.E.2d 6, 10 (2005) (citing *Jackson v. Charleston County Sch. Dist.*, 316 S.C. 177, 181, 447 S.E.2d 859, 861(1994)); *accord Miller v. Aiken*, 364 S.C. 303, 307, 613 S.E.2d 364, 366 (2005); *White*, 375 S.C. at 7, 649 S.E.2d at 175.

There is a basic presumption the legislature has knowledge of preceding legislation when enacting subsequent statutes on related matters. *City of Camden v. Fairfield Elec. Co-op., Inc.,* 372 S.C. 543, 548, 643 S.E.2d 687, 690 (2007) (citing *State v. McKnight,* 352 S.C. 635, 648, 576 S.E.2d 168, 174 (2003); *Berkebile v. Outen,* 311 S.C. 50, 53, 426 S.E.2d 760, 762 (1993)); *Arnold v. Ass'n of Citadel Men,* 337 S.C. 265, 273, 523 S.E.2d 757, 761 (1999); *Scott v. State,* 334 S.C. 248, 253, 513 S.E.2d 100, 103 (1999). Additionally, the legislature is presumed to be aware of judicial decisions interpreting statutes. *State v. Corey D.,* 339 S.C. 107, 112, 529 S.E.2d 20, 23 (2000); *State v. 192 Coin–Operated Video Game Machs.,* 338 S.C. 176, 188, 525 S.E.2d 872, 879 (2000).

" 'Once the legislature has made [a] choice, there is no room for the courts to impose a different judgment based upon their own notions of public policy.' " *Sweat,* 379 S.C. at 374, 665 S.E.2d at 649 (quoting *S.C. Farm Bureau Mut. Ins. Co. v. Mumford,* 299 S.C. 14, 19, 382 S.E.2d 11, 14 (Ct.App. 1989)). "The responsibility for the justice or wisdom of legislation rests exclusively with the legislature, whether or not we agree with the laws it enacts." *Busby v. State Farm Mut. Auto. Ins. Co.,* 280 S.C. 330, 337, 312 S.E.2d 716, 720 (Ct.App. 1984).

Generally, specific laws will prevail over general laws, and the most recent legislation will take precedence over earlier enactments. *I'On, L.L.C. v. Town of Mount Pleasant,* 338 S.C. 406, 412, 526 S.E.2d 716, 719 (2000); *Lloyd v. Lloyd,* 295 S.C. 55, 57–58, 367 S.E.2d 153, 155 (1988); *Duke Power Co. v. S.C. Pub. Serv. Comm'n,* 284 S.C. 81, 88, 326 S.E.2d 395, 399 (1985). When reasonably possible, statutes in apparent conflict should be interpreted to allow both to stand. *Nat'l Adver. Co., Inc. v. Mount Pleasant Bd. of Adjustment,* 312 S.C. 397, 400, 440 S.E.2d 875, 877 (1994); *Higgins v. State,* 307 S.C. 446, 449, 415 S.E.2d 799, 801 (1992); *Powell v. Red Carpet Lounge,* 280 S.C. 142, 145, 311 S.E.2d 719, 721 (1984); *see also Florence County v. Moore,* 344 S.C. 596, 545 S.E.2d 507 (2001) ("Our goal in construing statutes is to harmonize conflicting statutes whenever possible and to prevent an interpretation that would lead to a result that is plainly absurd."). "If, however, the statutes are incapable of any reasonable

reconcilement, the last statute passed will prevail, so as to impliedly repeal the earlier statute to the extent of the repugnancy." *Chris J. Yahnis Coastal, Inc. v. Stroh Brewery Co.*, 295 S.C. 243, 247, 368 S.E.2d 64, 66 (1988). "[T]he Last Legislative Expression Rule requires that in instances where it is not possible to harmonize two section of a statute, the later legislation supersedes the earlier enactment." *Williams v. Town of Hilton Head Island, S.C.*, 311 S.C. 417, 421, 429 S.E.2d 802, 804 (1993); *accord Ramsey v. County of McCormick*, 306 S.C. 393, 397, 412 S.E.2d 408, 410 (1991). Later legislation will supersede earlier laws dealing with the identical subject matter. *Whiteside v. Cherokee County Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993); *Duke Power Co.*, 284 S.C. at 88, 326 S.E.2d at 399.

■■■ Courts will reject statutory interpretations that lead to absurd results clearly unintended by the legislature or that defeat the plain legislative intent. *Peake*, 375 S.C. at 599, 654 S.E.2d at 289; *Jones*, 364 S.C. at 232, 612 S.E.2d at 724 (citing *Unisun Ins. Co. v. Schmidt*, 339 S.C. 362, 368, 529 S.E.2d 280, 283 (2000); *Kiriakides v. United Artists Commc'ns, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994)). Furthermore, the appellate court must presume the legislature intended to accomplish something with an enacted statute and did not intend for a section or provision to be purposeless or futile. *Duvall v. S.C. Budget and Control Bd.*, 377 S.C. 36, 42, 659 S.E.2d 125, 128 (2008); *Ellison v. Frigidaire Home Prods.*, 371 S.C. 159, 164, 638 S.E.2d 664, 666 (2006); *Duke Power Co. v. Laurens Elec. Co-op., Inc.*, 344 S.C. 101, 106, 543 S.E.2d 560, 563 (Ct.App.2000); *see State ex rel. McLeod v. Montgomery*, 244 S.C. 308, 314, 136 S.E.2d 778, 782 (1964) ("In seeking the intention of the legislature, we must presume that it intended by its actions to accomplish something and not to do a futile thing.") The real purpose and intent of the lawmakers will prevail over the literal import of the words. *Floyd*, 367 S.C. at 260, 626 S.E.2d at 10; *Bass*, 365 S.C. at 471, 617 S.E.2d at 378 (citing *Browning v. Hartvigsen*, 307 S.C. 122, 125, 414 S.E.2d 115, 117 (1992)).

### ii. Applying the Rules to the Statute

The process through which a party requests a final review before the DHEC Board is contained in Section 44–1–60(E). The statute reads:

Notice of the department decision must be sent to the applicant, permittee, licensee, and **affected persons who have asked to be notified by certified mail,** return receipt requested. The department decision becomes the final agency decision **fifteen days after notice of the department decision has been mailed to the applicant,** unless a written request for final review is filed with the department by the applicant, permittee, licensee, or affected person.

S.C.Code Ann. § 44–1–60(E) (emphasis added).

The language in Section 44–1–60(E) is clear and unambiguous, yielding only one possible interpretation. Under the phrasing of the statute, the following parties are entitled to notice of the DHEC decision: (1) the applicant for the permit; (2) the permittee; (3) the licensee; and (4) affected parties who request notification of the decision. After issuance of the staff determination, appealing parties must file within "fifteen days after notice of the department decision has been mailed to the applicant." S.C.Code Ann. § 44–1–60(E).

The General Assembly's intent in implementing this legislation is clear from the wording of the Act itself: "to provide a uniform procedure for contested cases and appeals from administrative agencies." Act No. 387, § 53, 2006 S.C. Acts & Joint Resolutions. Luculently, the legislature intended to establish a homogenous appeals process for administrative actions. Furthermore, the terminology of the statute is definite, incontrovertible, and irrefragable.

■ The legislature chose for the fifteen-day filing period to begin running from the date the department decision was mailed to the applicant. Additionally, in a subsequent section of the same statute, the General Assembly instructs: "Within thirty days **after the receipt of the decision** an applicant, permittee, licensee, or affected person desiring to contest the final agency decision may request a contested case hearing. . . ." S.C.Code Ann. § 44–1–60(F)(2) (emphasis added). Incontrovertibly, the legislature was able to differentiate the differences between a time period running from mailing of notice and from receipt of notice. The General Assembly elected for the pertinent time period in this case to run from the date notice was mailed, and this Court cannot impose a judgment that would result in a discrepant result.

The ALC agreed with this interpretation. The ALC judge, in the Order of Dismissal for each of the permits, explicated:

S.C.Code Ann. § 44–1–60(E) clearly provides the exclusive mechanism for review under the facts and circumstances presented in this case. The fifteen-day time period within which to file a request for final review begins upon mailing the notice of the staff decision to the applicant.

Coastal professes the time period for filing a review request properly runs from the time notice is actually received. Coastal primarily relies on the decision of the South Carolina Supreme Court in *Hamm v. South Carolina Public Service Commission,* 287 S.C. 180, 336 S.E.2d 470 (1985), to support this conclusion.

In *Hamm,* the key issue was whether a party timely filed for judicial review under the Administrative Procedures Act. The Public Service Commission granted the South Carolina Electric and Gas Company's application for increased utility rates after conducting an agency hearing. *Hamm,* 287 S.C. at 181, 336 S.E.2d at 471. Steven Hamm, the State Consumer Advocate, filed a petition for rehearing but was denied by the commission. *Id.* Notice of the denial order was mailed to an individual no longer employed at Hamm's office and the letter was misplaced. *Id.* Hamm did not receive actual notice until several days later when he discovered the decision and obtained written notice directly from the Public Service Commission's office. *Id.* Hamm filed his appeal within thirty days of receiving written notice but not within thirty days of the date of the agency decision as required by the statute. *Id.* The Public Service Commission sought dismissal of the appeal on the grounds it was not timely filed under the Administrative Procedures Act. *Id.* Under the relevant language of Section 1–23–380(b) (Supp.1984) (later amended by Act No. 387, 2006 S.C. Acts & Joint Resolutions), an appeal must be commenced within thirty days after the agency decision was reached. *Id.* In affirming the grant of appeal by the trial court, the Supreme Court held:

While a literal reading of Section 1–23–380(b) suggests the thirty days to appeal runs from the time the decision is made, we believe the statute must be read to allow a party thirty days after *notice* of a decision to bring an appeal.

However clear the language of a statute may be, the court will reject that meaning when it leads to an absurd result not possibly intended by the legislature. *State, ex rel. McLeod v. Montgomery*, 244 S.C. 308, 136 S.E.2d 778 (1964). If time to appeal ran from the date a decision was actually made, an agency could preclude judicial review in all cases simply by concealing its decision until the thirty days had run. Such a result could not have been intended by the legislature. We hold that under Section 1–23–380(b), a party has thirty days after receiving written notice to appeal an agency decision.

*Hamm*, 287 S.C. at 181, 336 S.E.2d at 471; *see also Cox v. County of Florence*, 337 S.C. 340, 344, 523 S.E.2d 776, 778 (1999) ("In *Hamm* [ . . . ], we construed this provision to allow a party thirty days after **written notice** of a decision to bring an appeal, rather than [thirty] days after a decision is made in which to file an appeal." (emphasis in original)).

While *Hamm* protects against an ambiguity in a statute that could potentially allow an agency to knowingly withhold notice of a decision in order to allow an inequitable expiration of the filing period, the case at bar is distinguishable. The relevant statutes for each case are inherently different in their construction. Section 44–1–60(E) specifically creates a vehicle for all interested parties to receive notice. Affected parties can guard against the dangers addressed in *Hamm* by requesting notification of the decision from the agency itself. S.C.Code Ann. § 44–1–60(E). The statutory language in Section 44–1–60(E) does not suffer from the same uncertainty affecting the statute in *Hamm* and is therefore discernible. Presumably, the General Assembly was aware of the decision in *Hamm* and the effects of prior legislation when it drafted Section 44–1–60. *Hamm* is not controlling in the case *sub judice*.

Coastal's interpretation of the statute, along with the conclusion of the DHEC Board to hold the final review hearing, is inconsonant with the common-sense reading of the statute. The ALC judge's interpretation of Section 44–1–60(E) was correct and consistent with the intent of the legislature. This Court must harmonize the expressed purpose of legislation and the clear and unambiguous terms employed in the statute. Applying Section 44–1–60(E), the time period for filing a

request for final review begins to run from the date the DHEC staff decision is mailed to the applicant, not from the date actual notice is received.

### iii. Coastal's Compliance with Statutory Filing Deadlines

Applying the apropos interpretation of Section 44–1–60(E), we examine whether Coastal met the filing requirements for review before the DHEC Board. After analyzing the facts as they relate to each of the permit applications, we find Coastal did not meet the statutory filing deadlines.

The SPA permit was issued and mailed to the applicant, the SPA, on October 31 and was revised and re-mailed on November 2. **Coastal failed to request notification of the staff decision as delineated in Section 44–1–60(E).** On November 20, Coastal filed a request for review before the DHEC Board. Coastal failed to properly file an appeal within the fifteen-day filing period. Concomitantly, Coastal did not comply with statutory requirements and was not entitled to a hearing before the DHEC Board.

DHEC issued and sent via certified mail the DOT permit on November 13. No requests for notification of the agency decision were filed with the agency. On November 30, Coastal entered an appeal of the issuance of the permit. However, this appeal was not filed within the allotted time frame. Coastal was not entitled to a hearing addressing the DOT permit.

### B. Additional Notice Arguments

Coastal maintains notice of the issuance of the permits was required by South Carolina Regulation 61–101.G.1 irrespective of the notification request necessary under the statutory scheme. *See* 25A S.C.Code Ann. Regs. 61–101.G.1 (Supp. 2007). The ALC found Coastal was only entitled to notification under the guidelines of Section 44–1–60 because the language of the regulation specifically limits its applicability. Additionally, the ALC judge concluded the statute superseded the regulation, making the additional notice provision inapposite. We agree with the adjudication of the ALC judge.

■ In addition to a critical area permit and a coastal zone consistency certification, the SPA permit and DOT permit both contain a Section 401 water quality certification. Typically, when a water quality certification is involved, Regulation 61–101 applies. This regulation instructs:

> The Department shall issue a notice of proposed decisions on application for certification, including any proposed conditions. Such notice shall advise of availability of the staff assessment and related file information. Such notice shall be mailed to:
>
> (a) the applicant;
>
> (b) agencies having jurisdiction or interest over the disposal site or activity site;
>
> (c) owners or residents of property adjoining the area of the proposed activity; and
>
> **(d) those persons providing comment in response to the initial notice of application.**

25A S.C.Code Ann. Regs. 61–101.G.1 (emphasis added). Coastal posits this regulation entitled it to notice because Coastal sent comment letters to DHEC during the initial permitting process. This assertion is erroneous.

We find Regulation 61–101.G.1 to be inapplicable in the case at bar because it is expressly preempted by Act Number 387. The operative language of the legislation elucidates: " ... **to the extent that a provision of this act conflicts with an existing statute or regulation, the provisions of this act are controlling.**" Act No. 387, § 53, 2006 S.C. Acts & Joint Resolutions (emphasis added). The General Assembly indubitably and unequivocally enunciated when a conflict between Section 44–1–60 and any prior statute or regulation arises, Section 44–1–60 is controlling. Under the manifest guidance of the legislature, we cannot adopt an interpretation allowing a regulation to override the apprehensible notice provision contained in the statute.

Irrespective of Coastal's submission of comment letters on each the permits, which would arguably entitle it to notice under the regulation, Coastal still had a duty to request notification of the department decision from DHEC. *See* S.C.Code Ann. § 44–1–60. Coastal cannot fail to comply with the statutory requirements enacted by the General Assembly

while arguing for the application of conflicting regulations. This position is untenable.

Pellucidly, administrative agencies are authorized to promulgate regulations, but these regulations cannot conflict with or alter the statute conferring authority. *See Fisher v. J.H. Sheridan Co., Inc.*, 182 S.C. 316, 326, 189 S.E. 356, 360 (1936). "The Legislature has the right to vest in the administrative officers and bodies of the state a large measure of discretionary authority, especially to make rules and regulations as to the enforcement of law; and such rules when promulgated are valid, if they are not in conflict with, or do not change in any way the statute conferring such authority." *Fisher*, 182 S.C. at 326, 189 S.E. at 360; *accord State v. Brown*, 274 S.C. 592, 595, 266 S.E.2d 415, 416–417 (1980); *Heyward v. S.C. Tax Comm'n*, 240 S.C. 347, 355, 126 S.E.2d 15, 19–20 (1962); *S.C. State Highway Dep't v. Harbin*, 226 S.C. 585, 594, 86 S.E.2d 466, 470 (1955). In *McNickel's, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 629, 634, 503 S.E.2d 723, 725 (1998), the South Carolina Supreme Court annunciated:

> While the Legislature may not delegate its power to make laws, in enacting a law complete in itself, it may authorize an administrative agency or board "to fill up the details" by prescribing rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. *Heyward v. South Carolina Tax Comm'n*, 240 S.C. 347, 126 S.E.2d 15 (1962). An administrative regulation is valid as long as it is reasonably related to the purpose of the enabling legislation. *Hunter & Walden Co. v. South Carolina State Licensing Bd. for Contractors*, 272 S.C. 211, 251 S.E.2d 186 (1978). Although a regulation has the force of law, it must fall when it alters or adds to a statute. *Society of Professional Journalists v. Sexton*, 283 S.C. 563, 324 S.E.2d 313 (1984). A rule may only implement the law. *Banks v. Batesburg Hauling Co.*, 202 S.C. 273, 24 S.E.2d 496 (1943).

Section 44–1–60 provides a distinct notice provision authorizing four different parties to receive notification of a DHEC department decision: (1) the applicant; (2) the permittee; (3) the licensee; and (4) affected parties requesting notification. S.C.Code Ann. § 44–1–60(E). Regulation 60–101.G.1 expands

notification requirements to include the following groups: (1) agencies having jurisdiction or interest in the site; (2) adjoining property owners and residents; and (3) parties providing comments. The regulation alters and adds to the notice requirements mandated by Section 44–1–60. When there is a conflict between a statute and a regulation implementing the statute, the statute is controlling. *See McNickel's,* 331 S.C. at 634, 503 S.E.2d at 725; Act No. 387, § 53, 2006 S.C. Acts & Joint Resolutions. In the case *sub judice,* because the notice provision of Section 44–1–60(E) is irreconcilable with the requirement of Regulation 60–101.G.1, the statutory language prevails. Coastal's theory of entitlement to notification under the regulation is unsound and unavailing.

## C. Jurisdiction

Coastal claims the DHEC Board and the ALC both had proper jurisdiction to hear the controversy. We disagree.

On the issue of jurisdiction, the ALC judge expounded:

Counsel for the SPA, DOT, DHEC, and [Coastal] all affirmatively acknowledged that the timely filing of a request for final review with the Board is a jurisdictional prerequisite to challenging a DHEC decision. Thus, because [Coastal] failed to file its request for final review within fifteen days of the Permit[s] being mailed to [the applicants, the SPA and the DOT,] the Board did not have jurisdiction over [Coastal's] challenge to the Permit[s], and neither does this Court.

■■■ Compliance with statutory time periods for filing appeals is a prerequisite for an appellate entity to have jurisdiction to hear an appeal. *See Botany Bay Marina, Inc. v. Townsend,* 296 S.C. 330, 334, 372 S.E.2d 584, 586–587 (1988), *overruled on other grounds by Woodard v. Westvaco Corp.,* 319 S.C. 240, 460 S.E.2d 392 (1995); *see also Sadisco of Greenville, Inc. v. Greenville County Bd. of Zoning Appeals,* 340 S.C. 57, 59, 530 S.E.2d 383, 384 (2000) ("This Court has consistently stated that service of Notice of Appeal is a jurisdictional requirement, and this Court has no authority to extend or expand the time in which the Notice of Appeal must be served."). In *Botany Bay Marina, Inc. v. Townsend,* 296

S.C. at 334, 372 S.E.2d at 586–587, the South Carolina Supreme Court observed:

> In *Town & Country Civic Organization v. Winston–Salem Zoning Board of Adjustment*, 83 N.C.App. 516, 350 S.E.2d 893 (1986), the North Carolina Court of Appeals held that the Board's thirty day appeal period rule was binding and the plaintiff's failure to effect a timely appeal extinguished subject matter jurisdiction. 350 S.E.2d at 895. Likewise, respondent's failure to appeal the Charleston County Board of Adjustment's decision to grant the zoning permits within fifteen days divested the Board of Adjustment of jurisdiction. *Id.*

 While the applicable statutes and rules implicated in *Botany Bay* are distinguishable from the mandated time period enacted by Section 44–1–60(E) relevant to this case, the Supreme Court instructed compliance with appeals filing deadlines grants jurisdiction to an appellate court while non-compliance divests jurisdiction. "Service of the notice of intent to appeal is a jurisdictional requirement, and [an appeals court] has no authority to extend or expand the time in which the notice of intent to appeal must be served." *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) (citing *Stroup v. Duke Power Co.*, 216 S.C. 79, 56 S.E.2d 745 (1949); *Wade v. Gore*, 154 S.C. 262, 151 S.E. 470 (1930); *Renneker v. Warren*, 20 S.C. 581 (1884)).

 In the instant case, Coastal failed to comply with the filing deadlines for requesting a review before the DHEC Board. *See* S.C.Code Ann. § 44–1–60(E). The DHEC Board had no authority to extend or expand the period in which appeals requests could be timely filed and was limited to the fifteen-day filing window enacted by the General Assembly. Based on Coastal's failure to comply with the mandatory appeals term, the DHEC Board lacked jurisdiction and could not validly exercise dominion over the matter without erroneously extending the span in which appeals could be filed. Because the appeal was untimely and the DHEC Board lacked jurisdiction, the ALC could not invoke jurisdiction to hear the matter. At the motion hearing in front of the ALC judge, Coastal's counsel corroborated a timely-filed request for final

review before the DHEC Board is necessary for the ALC to exercise jurisdiction:

The Court: Do you agree that complying with [Section 44–1–60(E)] is a prerequisite to being able to later file a contested case before this Court?

Counsel: Under the statute yes, sir.

The Court: Okay. So, in essence, the Court's jurisdiction is not an exhaustion problem. Of course, jurisdiction is tied to [Section 44–1–60(E)]. In essence, you can't make the argument that well, that's internal workings of [DHEC]. We're just going to see what happens, and wait until the process works itself out.

Counsel: Absolutely.

The Court: And then when it does, I don't like the results, so now I'm going to go and attempt to challenge it before the ALC.

Counsel: Right. There's not going to be sandbagging.

This exchange confirms the understanding of the parties that proper invocation of the DHEC Board's authority to conduct the hearing was necessary before a party could challenge a decision of that entity. Because jurisdiction was not properly invoked in this case, no challenge could be made.

In *Piana v. Piana*, 239 S.C. 367, 372, 123 S.E.2d 297, 299 (1961), the South Carolina Supreme Court analyzed jurisdiction:

Further to be kept in mind is the distinction between jurisdiction and the exercise of jurisdiction. "The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and the subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction." 21 C.J.S., Courts, § 26. As pointed out in *Jackson City Bank & Trust Co. v. Fredrick*, 271 Mich. 538, 260 N.W. 908, 909: "There is a side difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal."

The definition of jurisdiction in *Piana* is applicable here. The present case is illustrative of a situation where there is a want of jurisdiction to the extent that the courts involved had no authority to render a decision in the matter. Neither the DHEC Board nor the ALC had jurisdiction due to Coastal's failure to timely file an appeal under the requirements of Section 44–1–60(E). Based on this conclusion, the ALC judge was correct in granting the SPA's motion for dismissal of the contested case.

## III. Effect of Waiver, Estoppel, and Equitable Tolling on Coastal's Failure to File a Timely Request for Final Review

Coastal opines issues of waiver, estoppel, and equitable tolling require reversal of the ruling of the ALC. We find that these issues are not preserved for review before this Court.

"Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide [the Court] with a platform for meaningful appellate review." *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.,* 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct.App.2006). An issue cannot be raised for the first time on appeal. *Doe v. Roe,* 379 S.C. 291, 297, 665 S.E.2d 182, 185 (Ct.App.2008); *Doe v. Doe,* 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct.App.2006); *Widman v. Widman,* 348 S.C. 97, 119, 557 S.E.2d 693, 704 (Ct.App.2001). The issue must have been raised to and ruled upon by the trial judge to be preserved for review. *Pye v. Est. of Fox,* 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006); *Singleton v. Sherer,* 377 S.C. 185, 208, 659 S.E.2d 196, 208 (Ct.App.2008); *see also Ulmer v. Ulmer,* 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) ("An appellate court will not consider issues on appeal which have not been preserved for appellate review."). To preserve an issue for appeal, it must be: (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised with sufficient specificity. *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.,* 372 S.C. 295, 301–302, 641 S.E.2d 903, 907 (2007) (citing Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed.2002)). Without an initial ruling by the trial judge, a reviewing court would have no foundation on which to evaluate whether an error has been committed.

*Nicholson v. Nicholson,* 378 S.C. 523, 537, 663 S.E.2d 74, 82 (Ct.App.2008); *Ellie, Inc. v. Miccichi,* 358 S.C. 78, 103, 594 S.E.2d 485, 498 (Ct.App.2004). If an issue could have been initially presented to the trial court, a party cannot raise that issue for the first time in a post-trial motion. *Patterson v. Reid,* 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct.App.1995) (citing generally *C.A.H. v. L.H.,* 315 S.C. 389, 434 S.E.2d 268 (1993); *Hickman v. Hickman,* 301 S.C. 455, 392 S.E.2d 481 (Ct.App.1990)).

 [42, 43] A party cannot use a Rule 59(e) motion to present an issue to the court that could have been raised prior to judgment but was not so raised. *Fields v. Reg'l Med. Ctr. Orangeburg,* 363 S.C. 19, 27, 609 S.E.2d 506, 510 (2005) (citing generally *C.A.H.,* 315 S.C. at 392, 434 S.E.2d at 270); *Patterson,* 318 S.C. at 185, 456 S.E.2d at 437; *Hickman,* 301 S.C. at 456, 392 S.E.2d at 482); *see also McMillan v. S.C. Dep't of Agric.,* 364 S.C. 60, 67, 611 S.E.2d 323, 327 (Ct.App.2005) (issue not preserved "because it cannot be raised for the first time in a motion to alter or amend."), *cert. granted* (Feb. 14, 2007). "[A] party cannot use a motion to reconsider, alter or amend a judgment to present an issue that could have been raised prior to the judgment but was not." *RRR, Inc. v. Toggas,* 378 S.C. 174, 185, 662 S.E.2d 438, 443 (Ct.App.2008) (citing *Dixon v. Dixon,* 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005)).

The issues of waiver, estoppel, and equitable tolling were not initially raised to and ruled upon by the ALC. Coastal failed to present these theories in prior motions or at the hearing concerning the SPA's motions for dismissal. Coastal initially raised these issues in its motions for reconsideration even though they could have previously been brought to the attention of the judge. Furthermore, the ALC judge never specifically ruled on the matter. Therefore, because Coastal neglected to bring these arguments to the attention of the ALC judge even though the opportunity existed, the issues are not preserved and cannot be addressed by this Court. The ALC judge concluded:

The final order was filed and mailed to the parties on September 4, 2007, and received by the parties on September 5, 2007. Under ALC Rule 29(D)(1), a party has ten

days from notice of an order to file a motion for reconsideration. Thus, the motion was due on September 17, 2007, since the last day of the ten-day period ran on Saturday, September 15, 2007. Under ALC Rule 3(A) regarding Computation of Time, the period thus ran on the following Monday. **IT IS THEREFORE ORDERED** that the South Carolina State Ports Authority's **Motion to Strike** is **GRANTED,** and this matter is hereby **DISMISSED** for lack of jurisdiction.

We agree with the ruling of the ALC.

## IV. Due Process Considerations

Coastal asseverates the ALC judge's interpretation and application of Section 44–1–60 resulted in a denial of due process and a violation of principles of fairness. We disagree.

The Constitution of the United States of America and the Constitution of the State of South Carolina guarantee due process rights to all parties. *See* U.S. Const. amend. V; U.S. Const. amend. XIV, § 1; S.C. Const. art. I, § 3 & § 22. The State Constitution provides:

> The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor shall any person be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws.

S.C. Const. art. I, § 3.

> The State Constitution additionally assures:

> No person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard; nor shall he be subject to the same person for both prosecution and adjudication; nor shall he be deprived of liberty or property unless by a mode of procedure prescribed by the General Assembly, and he shall have in all such instances the right to judicial review.

S.C. Const. art. I, § 22. The State Supreme Court has interpreted this provision to provide "persons the right to notice and an opportunity to be heard by an administrative agency, even when a contested case under the APA is not involved." *Ross v. Med. Univ. of S.C.,* 328 S.C. 51, 68, 492

S.E.2d 62, 71 (1997) (citing *Stono River Envtl. Prot. Ass'n v. S.C. Dep't of Health & Envtl. Control,* 305 S.C. 90, 94, 406 S.E.2d 340, 342 (1991)); *accord Kurschner v. City of Camden Planning Comm'n,* 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review.").

▮▮▮▮▮▮▮ "Due process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses." *Clear Channel Outdoor v. City of Myrtle Beach,* 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007) (citing *In re Vora,* 354 S.C. 590, 595, 582 S.E.2d 413, 416 (2003)); *accord Dangerfield v. State,* 376 S.C. 176, 179, 656 S.E.2d 352, 354 (2008) ("The procedural component of the state and federal due process clauses requires the individual whose property or liberty interests are affected to have received adequate notice of the proceeding, the opportunity to be heard in person, the opportunity to introduce evidence, the right to confront and cross-examine adverse witnesses, and the right to meaningful judicial review.") An interested party must be given notice "reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Blanton v. Stathos,* 351 S.C. 534, 542, 570 S.E.2d 565, 569 (2002) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Murdock v. Murdock,* 338 S.C. 322, 334, 526 S.E.2d 241, 248 (Ct.App.1999)). " 'To prove the denial of due process in an administrative proceeding, a party must show that it was substantially prejudiced by the administrative process.' " *Leventis v. S.C. Dep't of Health & Envtl. Control,* 340 S.C. 118, 131–132, 530 S.E.2d 643, 650 (Ct.App.2000) (quoting *Ogburn–Matthews v. Loblolly Partners,* 332 S.C. 551, 561, 505 S.E.2d 598, 603 (Ct.App.1998), *overruled on other grounds by Brown v. S.C. Dep't of Health & Envtl. Control,* 348 S.C. 507, 560 S.E.2d 410 (2002)).

In response to the SPA's motions to dismiss the contested case hearings before the ALC, Coastal filed a response maintaining it would be denied due process of law if the contested case hearings were not held. The ALC judge denied the motions and, in the Order of Dismissal, held:

The League received the notice due to it when (1) public notice of SPA's permit application was provided; and (2) the General Assembly enacted the requirement in Section 44–1–60(E) that affected persons must affirmatively request to be notified of the staff decision on the permit application when it is issued. *See Smothers v. United States Fid. & Guar. Co.*, 322 S.C. 207, 210–211, 470 S.E.2d 858, 860 (1996) ("Everyone is presumed to have knowledge of the law and must exercise reasonable care to protect his interests.")

We agree with the ALC judge. While Coastal has a constitutional right to due process of law, including a right to notice and a meaningful opportunity to be heard, Coastal failed to take the necessary steps outlined in the statutory procedure of Section 44–1–60 to protect these rights. *See* S.C.Code Ann. § 44–1–60(E). A party "cannot complain of a due process violation if he has recourse to a constitutionally sufficient administrative procedure but merely declines or fails to take advantage of it." *Zaman v. S.C. State Bd. of Med. Exam'rs*, 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991).

Coastal received public notice of the pending permit applications and participated in public hearings. Additionally, Coastal expressed concern to DHEC in comment letters. However, Coastal failed to comply with the established administrative procedures that would have entitled it to mailed notification from DHEC when the approved permits were mailed to the SPA and the DOT. Through Section 44–1–60(E), the General Assembly provided Coastal with the means to receive notice, but Coastal declined to avail itself of the statutorily-mandated protocol. Coastal's due process rights were not violated by the ALC judge's interpretation of the statute.

## V. Abuse of Discretion Regarding the Timeliness of Coastal's Motions for Reconsideration

Coastal asserts the ALC judge erred in denying its motions for reconsideration of the dismissal orders. We agree with the merits of the ALC judge's decision to dismiss both contested cases. Based on our ruling in this matter, it is unnecessary for this Court to further address the issue of abuse of discretion. *See Whiteside v. Cherokee County School Dist.*

*No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (holding courts need not address remaining exceptions when the resolution of a prior issue is dispositive of the case).

## *CONCLUSION*

Based on the foregoing analysis and reasons, the orders issued by the administrative law judge are

**AFFIRMED.**

KONDUROS, J., and CURETON, A.J., concurring.