THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Island
 Preservation Company, LP and Thomas Dewey Wise, Respondents,
 
 
 
 
 

v.

 
 
 
 
 State of South
 Carolina and the South Carolina Department of Natural Resources, and Fenwick
 Properties, LLC, Defendants, 
 
 Of Whom Fenwick
 Properties, LLC is Appellant.
 
 
 
 

Appeal From Colleton County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2010-UP-369
Heard April 13, 2010  Filed July 19, 2010

DISMISSED

 
 
 
 Richard L. Tapp, Jr., and Stephen P.
 Groves, Sr., of Charleston, for Appellant.
 David K. Haller, of Charleston, for
 Respondents.
 
 
 

PER CURIAM: Fenwick
 Properties appeals the trial court's order granting partial summary judgment to
 Island Preservation Company and Thomas Dewey Wise (collectively Island
 Preservation), in which the court upheld a 1984 order declaring Island
 Preservation's predecessor-in-title fee simple owner of marshland (Marsh
 Property) due to a King's Grant.  We find Fenwick Properties is not a party
 aggrieved by this order and dismiss.  
FACTS/PROCEDURAL
 HISTORY
In the fall of 1983, Dewey
 Wise contracted to purchase several hundred acres of land on South Fenwick
 Island.  For tax purposes, he asked his law partner at the time, W. Gregory
 Pearce, to act as his agent in the transaction.  At the closing on the
 property, title was placed in Pearce's name, even though Wise provided all of
 the funds for the purchase price.  A declaratory judgment action was brought in
 Pearce's name against the State of South Carolina requesting a declaration
 Pearce was the owner in fee simple to the mean low water mark by virtue of a
 King's Grant.  Before the court issued its ruling in the declaratory judgment
 action, Pearce conveyed the property to Wise.  Neither Pearce nor Wise moved to
 amend the complaint in the action to substitute Wise as a party.  In October of
 1984, the court issued an order ruling the property line extended to the low
 water mark.  This order was not appealed.  Wise subsequently transferred the
 property to Island Preservation Company, of which he is the general partner.  When
 questions arose concerning the King's Grant in 2005, Pearce executed a quit
 claim deed for the Marsh Property within the King's Grant.  
In April of 2006, Island
 Preservation brought the present declaratory judgment action against the State
 seeking a declaration the October 1984 order was valid.  In its second amended
 complaint, it named as Defendants both the State and the South Carolina
 Department of Natural Resources (DNR), which by way of a 2005 deed from the
 Nature Conservatory may have a competing claim to a portion of the Marsh
 Property.  In addition to requesting a declaration concerning the validity of
 the 1984 order, it asked for a declaration that its title was superior to any
 competing claim.  In the alternative, it requested the court find it possessed
 fee simple title to the tidelands between the high water mark and low water
 mark as it can trace its title to King George II of England.  In their answer,
 the State and DNR asserted the 1984 order was not valid because the named
 plaintiff, Gregory Pearce, had conveyed the property prior to the issuance of
 the order.  They also asked for a declaration DNR's 2005 deed prevailed over any
 claim Island Preservation had to the overlapping property and for an
 adjudication of the boundaries between DNR and Island Preservation's
 properties.  
Fenwick Properties moved to
 intervene in the proceedings, claiming an interest due to its ownership of
 property on South Fenwick Island, possession of an easement over Island
 Preservation's property, and being the holder of a dock permit over the
 disputed marsh.  The trial court granted the motion to intervene.  It
 subsequently granted Island Preservation's motion for partial summary
 judgment.  It held Pearce was a real party in interest in the 1984 litigation,
 and thus, the 1984 order was valid.  The court stated the remaining issues
 between the parties would be litigated later.  
All of the defendants moved
 for reconsideration of the order.  In the substituted order, the court again
 found the 1984 order to be valid.  It noted:  "Fenwick Properties, which
 seeks to have an easement at the location interpreted, has no claim to fee
 simple title to the tidelands.  The arguments offered by Fenwick Properties
 concern the validity of the grant; it has not questioned the validity of the
 1984 order."  It reiterated the remaining issues not covered in the order
 granting summary judgment could still be litigated, "specifically the
 State's claims relating to its 2005 deed to the marshes of Pine Island and the
 claims of Fenwick Properties."  This appeal followed.     
LAW/ANALYSIS
Island Preservation argues
 Fenwick Properties does not have the right to appeal the trial court's order as
 it is not a party aggrieved by the order.  We agree.  
The South Carolina Appellate
 Court Rules limit the ability to appeal to [o]nly a party aggrieved by an order,
 judgment . . . or decision. . . .  Rule 201(b), SCACR.  As used by this rule,
 the word "aggrieved" means "a substantial grievance, a denial of
 some personal or property right, or the imposition on a party of a burden or
 obligation.  Powell ex rel. Kelley v. Bank of Am., 379 S.C. 437, 447,
 665 S.E.2d 237, 243 (Ct. App. 2008).  A party is aggrieved by a judgment or
 decree when it operates on his or her rights of property or bears directly on
 his or her interest. Id.  "There is no material distinction in
 general standing principles juxtaposed to the ability of an 'aggrieved party'
 to appeal pursuant to Rule 201(b)."  Id. at 447, 665 S.E.2d at
 242.  
Standing concerns whether a
 party has sufficient interest in the outcome of the litigation to warrant
 consideration of that party's position by a court.  Powell, 379 S.C. at
 444, 665 S.E.2d 237 at 241.  Generally, to have standing, a party must have a
 personal stake in the subject matter of the litigation.  Michael P. v.
 Greenville Dep't of Soc. Servs., 385 S.C. 407, 415-16, 684 S.E.2d 211, 215
 (Ct. App. 2009).

 Standing
 is comprised of three elements: (1) the plaintiff must have suffered an
 injury-in-fact that is concrete and particularized, and actual and imminent as
 opposed to hypothetical; (2) the injury and the conduct complained of the
 defendant must be causally connected; and (3) it must be likely that the injury
 will be redressed by a favorable decision.  

Id. at 416, 684 S.E.2d at 215.
Fenwick Properties contends
 it has standing because enforcing the 1984 order against it is a violation of
 its due process rights.  See S.C. Coastal Conservation League v. S.C.
 Dep't of Health & Envtl. Control, 380 S.C. 349, 669 S.E.2d 899 (2008)
 (stating procedural due process requires notice, an opportunity to be heard,
 and meaningful judicial review to an individual whose property or liberty
 interests would be affected).  Fenwick Properties does not claim a fee simple
 interest in the Marsh Property.  Instead, it asserts that as the holder of an
 easement, it cannot be bound by the 1984 order because its predecessor-in-title
 was not named as a party in the 1984 litigation.  However, the 1984 action
 simply determined Island Preservation's predecessor-in-title possessed a King's
 Grant of the Marsh Property.  It did not adversely affect any easement interest
 over what is now Island Preservation's property.  It was therefore unnecessary
 for Pearce to name Fenwick Properties' predecessor-in-title as a party
 defendant.  See S.C. Code Ann. § 15-67-70 (2005) ("Any judgment
 entered in an action to try adverse claims shall be binding upon all of
 the defendants joined in the action.") (emphasis added).  Island
 Preservation acknowledged the existence of an easement from and to the property
 known as the Landing in a 1996 Mutual Release and Settlement Agreement.  The
 present action only upholds the validity of the 1984 order and does not in any
 way limit Fenwick Properties' easement.  Thus, Fenwick Properties' due process
 rights were not violated.  
Fenwick Properties also
 asserts it has standing in this appeal because the trial court's order
 adversely impacts its right to construct a dock on the Marsh Property.  In
 February of 2005, the Department of Health and Environmental Control (DHEC),
 Bureau of Ocean and Coastal Resource Management (OCRM), issued Fenwick
 Properties a dock permit authorizing it to construct a dock on Island
 Preservation's property.  Island Preservation appealed the permit to the
 Administrative Law Court, which stayed the appeal pending the resolution of the
 present action, stating the issue of ownership of the marsh was
 "paramount."  
Although Fenwick Properties does
 not state why the issue of title is so important to its dock permit, Island
 Preservation explains Fenwick Properties will need its permission before it can
 build a dock across the Marsh Property if Island Preservation is the fee simple
 owner.  See 23A S.C. Code Ann. Regs. 30-2 (I) (Supp. 2009) (requiring a
 deed, lease, or other instrument from the critical area landowner that would
 allow construction of the proposed project, or written permission from such
 owner); Lowcountry Open Land Trust v. State, 347 S.C. 96, 111, 552
 S.E.2d 778, 786 (Ct. App. 2001) ("[I]f ownership vests in private hands,
 an adjacent landowner desiring to build on tidelands must obtain the express
 consent of the fee simple owner.")  
The supreme court and this
 court have both recognized that a party does not necessarily have standing in
 one action merely because that action may affect its interest in another
 action.  See e.g., Ex Parte Gov't Employee's Ins. Co., 373 S.C.
 132, 644 S.E.2d 699 (2007); Powell.  In Ex Parte Government
 Employee's Insurance Company, Ronnie Cooper claimed he was entitled to
 stack underinsured motorist coverage provided by Government Employee's Insurance
 Company (GEICO) to Yolanda Goethe, whom he claimed was his common-law wife.  373
 S.C. at 134, 644 S.E.2d at 700.  Cooper filed an action in family court seeking
 an order validating his common marriage to Goethe.  Id.  GEICO moved for
 joinder and to intervene in the family court action.  Id.
The supreme court affirmed
 the family court's denial of the motions.  Id. at 139, 644 S.E.2d at
 703.  The court recognized the existence of a common law marriage may have
 impacted GEICO's liability to Cooper and thus GEICO may have been affected by
 the outcome of the family court action.  Id. at 136, 644 S.E.2d at 701. 
 However, it found GEICO's interest was in the financial implications of the
 family court's decision, which was "merely tangential" and
 "peripheral" to the family court action.  Ex Parte Gov't
 Employee's Ins. Co., 373 S.C. at 136-39, 644 S.E.2d at 701-02.  It held
 this interest was insufficient to warrant GEICO's intervention in the family
 court action.  Id.   
In Powell, a minor
 brought an action through his conservator and his mother against his aunt
 seeking the return of life insurance proceeds his aunt had converted.  379 S.C.
 at 442, 665 S.E.2d at 240.  The minor also named as a defendant Bank of
 America, where the aunt had deposited the funds in her own account and purchased
 certificates of deposit rather than placing the funds in a restricted account
 as ordered by the probate court.  Id. at 441-42, 665 S.E.2d at 239-40.  The
 minor's mother, who had previously sued the aunt for conversion of the funds
 and had received a judgment against her, moved to intervene and for
 interpleader of funds from the aunt which had been deposited with the clerk of
 court.  Id. at 441-42, 665 S.E.2d at 240.  After a contested hearing,
 the trial court apportioned the funds between the minor and his mother.  Id.
 at 443, 665 S.E.2d at 240.  This court dismissed Bank of America's appeal of
 this order holding the bank had no interest in the subject matter of the
 apportionment of the escrowed funds.  Id. at 443, 665 S.E.2d at 241.  We
 rejected Bank of America's argument it had standing because if all of the
 interpleaded funds were allocated to the minor, the minor's damages would be
 reduced, and thus, Bank of America's potential liability would be reduced.  Powell,
 at 445, 665 S.E.2d at 241.  The court noted  "Not every practical concern
 equates to the legal interest required for standing."  Id. at 445,
 665 S.E.2d at 241.  We found Bank of America's interest in maximizing the
 minor's share of the interpleaded funds was speculative and contingent.  Id.
The order on appeal concerns
 only the validity of the 1984 order issued in an action in which Fenwick
 Properties was not a party.  The order in no way limits or otherwise affects
 Fenwick Properties' easement over Island Preservation's property.  Fenwick
 Properties' interest in the administrative action of whether it would have to
 obtain Island Preservation's permission to build its dock is "merely
 tangential" and "peripheral" to the present appeal.  Accordingly,
 we find Fenwick Properties is not a party aggrieved by the order and dismiss
 the appeal.  
DISMISSED.[1]
HUFF, THOMAS, and LOCKEMY,
 JJ., concur.  

[1] Fenwick Properties argues the trial court should have
 denied summary judgment because Island Preservation had failed to respond to
 any of Fenwick Properties' discovery requests.  The trial court did not rule on
 this issue in its original order and Fenwick Properties failed to request a
 ruling in its motion to alter or amend.  Accordingly, this argument is not
 properly before this court.  See I'On, L.L.C. v. Town of Mt. Pleasant,
 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has
 raised an issue in the lower court, but the court fails to rule upon it, the
 party must file a motion to alter or amend the judgment in order to preserve
 the issue for appellate review.").