23532

Glynda W. RAMSEY, Claude W. Bussey, and Davis J. Morrah, of whom Glynda W. Ramsey is Respondent-Appellant v. The COUNTY OF McCORMICK, Appellant-Respondent, EX PARTE: Glynda W. RAMSEY, Chief Magistrate for McCormick County, Petitioner.

(412 S.E. (2d) 408)

Supreme Court

---

[2] *Rauton v. Pullman Co.,* 183 S.C. 495, 501, 191 S.E. 416, 419 (1937); *Oshiek v. Oshiek,* 244 S.C. 249, 136 S.E. (2d) 303 (1964).

*James E. McDonald, William B. Watkins,* both of *Burns, McDonald, Bradford, Patrick & Dean,* Greenwood, *for appellant-respondent.*

*O. Lee Sturkey,* McCormick, *for respondent-appellant.*

*Robert E. Lyon, Jr.,* and *Robert S. Croom,* Columbia, *amicus curiae for S.C. Association of Counties.*

Heard Oct. 31, 1991.

Decided Dec. 16, 1991.

CHANDLER, Justice:

These appeals involve the recently enacted Magistrate's Pay Act, S.C. Code Ann. § 22-8-10 *et seq.* (1989). Circuit Court held (1) that McCormick County's part-time magistrates were entitled to compensation for time spent "on call," (2) that Magistrate Glynda Ramsey (Ramsey) was employed in 1989 as a part-time magistrate, and (3) that Ramsey was not entitled to an award of attorney's fees.

We affirm in part, reverse in part and remand.

## FACTS

In 1981, Ramsey was hired as secretary to the McCormick County (County) magistrates. She was subsequently appointed part-time magistrate to serve dual functions when other magistrates were unavailable. On January 1, 1989, Ramsey was appointed Chief Magistrate. At that time, County had a total of four magistrates, whose schedule to be on duty read as follows:

(1) *Claude W. Bussey:* To be on call every fourth weekend beginning Friday afternoon at 5:00 p.m. and ending at 9:00 a.m. Monday morning.

(2) *David J. Morrah:* To be on call every fourth weekend beginning Friday afternoon at 5:00 p.m. and ending at 9:00 a.m. Monday morning.

(3) *Jake O. Trantham:* To be on call every fourth weekend beginning Friday afternoon at 5:00 p.m. and ending at 9:00 a.m. Monday morning.

(4) *Glynda W. Ramsey:* To be on call every fourth weekend beginning Friday afternoon at 5:00 p.m. and ending at 9:00 a.m. Monday morning; maintain office hours of 9:00 a.m. until 5:00 p.m. Monday-Friday; To be on call week nights Monday-Friday.

At its December 20, 1988 meeting, County Council approved 1989 salaries of $5,200 for each part-time magistrate, $1,500 supplemental pay to Chief Magistrate Ramsey and, additionally, $8,500 per year to Ramsey for her full-time secretarial duties.

On December 12, 1989, Magistrate Ramsey petitioned County Council, requesting additional pay for all magistrates, alleging that their salaries violated the Magistrate's Pay Act (Act), S.C. Code Ann. § 22-8-10 *et seq.* (1989). Specifically, she requested (1) full-time magistrate's salary of $17,000 for herself; (2) supplemental pay of $3,000 for herself as full-time Chief Magistrate; (3) compensation for each of the part-time magistrates for hours spent "on call"; and (4) cost of living increases for each magistrate.

When Council rejected her petition, Ramsey appealed pursuant to S.C. Code Ann. § 22-8-50(B) and § 1-23-380.

Circuit Court held (1) that each part-time magistrate was entitled to compensation for hours "scheduled to be on call";

(1) that Ramsey was employed as a part-time chief magistrate; (3) that each magistrate was entitled to a four percent cost of living increase; and (4) that Ramsey was not entitled to attorney's fees. Both County and Ramsey appeal.

## ISSUES
Although several issues are raised, we need address only

(1) whether part-time magistrates are entitled to compensation for hours spent "on call";
(2) whether Ramsey was employed as a part-time magistrate; and
(3) whether Ramsey was entitled to attorney's fees.

## DISCUSSION

### I. PART-TIME MAGISTRATES' COMPENSATION
The Magistrate's Pay Act was enacted by 1988 Act No. 678, Part I, § 7. It defines "part-time" and "full-time" magistrates, and provides the minimum compensation a county must pay its magistrates, depending upon population.

Section 22-8-40(B)(1)(f) requires a base salary of $17,000 for a full-time magistrate in a county of less than 35,000 people.[1] Subsection (D) entitles part-time magistrates to a proportionate percentage of a full-time magistrate's salary. The percentage is computed "by dividing by forty the number of hours a week the part-time magistrate spends in the performance of his duties." Section 22-8-40(D) further provides:

> The number of hours a week that a part-time magistrate spends in the exercise of the judicial function, *and scheduled to be spent on call,* must be the average number of hours worked . . . (Emphasis supplied.)

Where the words of a statute are clear and unambiguous, its terms must be given their literal meaning. *Duke Power Co. v. S.C. Tax Commission,* 292 S.C. 64, 354 S.E. (2d) 902 (1987). The language of § 22-8-40(D) mandates that part-time magistrates be compensated for hours "scheduled to be spent on call."

---

[1] McCormick County falls within this category.

We reject County's contention that omission of "on call" time from the definition of "part-time magistrate"[2] and "judicial functions,"[3] requires a contrary result.

Where one statute deals with a subject in general terms, and another with a portion of the same subject in a more specific and definite way, the special statute will be given effect. *Wilder v. S.C. State Highway Dept.*, 228 S.C. 448, 90 S.E. (2d) 635 (1955). Under the "last legislative expression" rule, where conflicting provisions exist, the last in point of time or order of arrangement, prevails. *Jolly v. Atlantic Greyhound Corp.*, 207 S.C. 1, 35 S.E. (2d) 42 (1945); *Feldman v. S.C. Tax Commission*, 203 S.C. 49, 26 S.E. (2d) 22 (1943).

Section 22-8-40(D) deals specifically with part-time magistrates' compensation and is subsequent, in order of arrangement, to the sections defining "part-time magistrate" and "judicial functions." Circuit Court correctly held that part-time magistrates are entitled to compensation for time "scheduled to be spent on call."

## II. STATUS OF MAGISTRATE RAMSEY

County found, and Circuit Court agreed, that Ramsey was full-time secretary but only *part-time* magistrate. The record demonstrates otherwise.

County acknowledges its requirement to provide magistrate availability 24 hours per day, seven days per week.[4] As indicated previously, Magistrates Bussey, Morrah and Trantham were scheduled to be on call only every fourth weekend from 5:00 p.m. Friday until 9:00 a.m. Monday. Magistrate Ramsey, however, was scheduled to maintain office hours from 9:00 a.m.-5:00 p.m., Monday through Friday, be on call *every weeknight*, and be on call every fourth weekend. In essence, Ramsey was the only magistrate available for *every* hour from 9:00 a.m. Monday until 5:00 p.m. Friday. During these hours, she was responsible for issuing search warrants, conducting bond hearings, setting fines, handling traffic tickets, maintaining records, filing reports with court administra-

---

[2] S.C. Code Ann. § 22-8-10(3) (1989).
[3] S.C. Code Ann. § 22-8-20 (1989).
[4] Appellant's Brief of McCormick County, page 11.

tion, transmitting bonds and fines to appropriate authorities, and conducting correspondence.

We hold that Ramsey was a full-time, not part-time, magistrate. S.C. Code Ann. § 22-8-20, defining "judicial functions," provides in part:

> The exercise of the judicial function involves the examination of facts leading to findings, the application of law to those findings, and the ascertainment of the appropriate remedy. *Time spent in the performance of judicial functions also includes time spent performing ministerial duties* necessary for the exercise of the magistrates' judicial powers, as well as necessary travel and training time. *In the case of chief magistrates, the judicial function includes time necessary to perform the administrative and other duties required of a chief magistrate for administrative purposes.* (Emphasis supplied.)

Clearly, Ramsey was, in substance, performing the duties of full-time Chief Magistrate. Accordingly, we hold that, in 1989, she was entitled to compensation of $17,000 as full-time magistrate, $3,000 annual supplement as provided for in § 22-8-40(F), and a four percent cost of living increase as paid to other state employees in 1989.[5]

### III. ATTORNEY'S FEES

Circuit Court denied Ramsey's claim for attorney's fees, finding that she had failed to establish the factors set forth in S.C. Code Ann. § 15-77-300 (1990 Cum. Supp.). In light of our holding, the issue of attorney's fees is remanded to the Circuit Court for determination of whether Ramsey is entitled to such an award and, if so, in what amount.

The judgment below is

Affirmed in part, reversed in part, and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[5] See S.C. Code Ann. § 22-8-40(E) (1989).