552 S.E.2d 709

Levone GRAVES, Appellant,

v.

COUNTY OF MARION and Marion
County Council, Respondents.

No. 25291.

Supreme Court of South Carolina.

Heard Feb. 21, 2001.

Decided May 14, 2001.

Refiled Sept. 4, 2001.

Rehearing Denied Oct. 11, 2001.

Brenda Reddix–Smalls and Eleazer R. Carter, of Reddix–Smalls & Carter Law Firm, of Columbia, for appellant.

Timothy H. Pogue, of Marion, and J. Leeds Barroll, IV, of Columbia, for respondents.

## ORDER

A Petition for Rehearing was granted on June 19, 2001. The attached opinions are substituted for the opinions filed on May 14, 2001.

/s/ Jean H. Toal, C.J.

/s/ James E. Moore, J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.

/s/ George T. Gregory, Jr., A.J.

MOORE, Justice:

This is an appeal from an appellate decision of the circuit court, upholding a ruling of the Marion County Council regarding the salary of appellant Levone Graves, a Marion County magistrate. We affirm.

## FACTS

In 1982, Marion County entered into an agreement with the City of Mullins to provide a county magistrate to serve as municipal judge for the purpose of holding municipal court at least once a week. The agreement provided the city would pay the county a monthly fee, adjustable from time to time, of $416.68 for these services. The agreement further provided, "It is suggested that the County may wish to compensate the magistrate and secretary for the extra work load imposed by the additional duties to the extent of $333.34 for Magistrate monthly and $83.34 for secretarial assistance monthly."

On October 7, 1982, then Chief Justice Woodrow Lewis signed an order acknowledging the agreement and ordering that

commencing October 1, 1982, any magistrate in Marion County may be assigned to service as the municipal judge for the municipality of Mullins....

The magistrate assigned to serve as municipal judge shall retain the powers, duties and jurisdiction conferred upon magistrates. The magistrate shall not be compensated for his service by the municipality.

The Chief Justice's order does not explicitly approve the agreement between Marion County and the City of Mullins, nor does it address whether the county may separately compensate the magistrate for his municipal duties.[1]

In 1990, Judge Graves was appointed as full-time magistrate for Marion County and was assigned to serve as municipal judge for the City of Mullins. Judge Graves received his salary in the form of a single bi-weekly check from Marion County. On March 16, 1998, the City of Mullins terminated its agreement with Marion County. The county subsequently reduced Judge Graves's salary by some $9,000, from $32,353 annually to approximately $23,000 annually.

The Marion County Council conducted a hearing on Judge Graves's Petition for Magisterial Base Salary and Retroactive Compensation. Judge Graves argued the county's reduction of his salary violated S.C.Code Ann. § 22–8–40(I) (1976)[2] which provided:

A magistrate who is receiving a salary greater than provided for his position under the provisions of this chapter must not be reduced in salary during his tenure in office. Tenure in office continues at the expiration of a term if the incumbent magistrate is reappointed.

The council determined the county had not unlawfully reduced Judge Graves's salary because the salary "provided for his position under the provisions of this chapter" had not been reduced. Rather, the amount reduced was a stipend Judge Graves received for his service as municipal judge for the City of Mullins. Judge Graves appealed to the circuit court, which affirmed the county council's decision. This appeal follows.

---

1. The plain language of this order states the magistrate cannot be compensated for his service "by the municipality." The order does not prevent the county from compensating the magistrate for his job of serving the municipality for the county's benefit. *Cf. Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000) (the canon of statutory construction *"expressio unius est exclusio alterius"* or *"inclusio unius est exclusio alterius"* holds that "to express or include one thing implies the exclusion of another, or of the alternative.").

2. Due to a recent amendment, subsection 22–8–40(I) is now subsection (J). The subsection was also amended to address annual increases. This amendment does not affect the issue before the Court.

## DISCUSSION

Judge Graves argues the circuit court erred by ruling the county did not commit a statutory violation by reducing his salary during his tenure as magistrate. We disagree.

Section 22–8–40(I), provides:

A magistrate who is receiving a salary greater than provided for his position under the provisions of this chapter must not be reduced in salary during his tenure in office....

This statute was not violated by the county. We agree with the county council's finding that the county had not unlawfully reduced Judge Graves's salary because the salary "provided for his position under the provisions of this chapter," as delineated by section 22–8–40(I) had not been reduced. The word "position" in the statute clearly means the position of magistrate, which would not affect the magistrate's role as municipal judge. *See Gilfillin v. Gilfillin,* 344 S.C. 407, 544 S.E.2d 829 (2001) (if a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing any rules of statutory interpretation and this Court has no right to look for or impose another meaning); *Lester v. South Carolina Workers' Compensation Comm'n,* 334 S.C. 557, 514 S.E.2d 751 (1999) (same).

Prior to the reduction, Judge Graves received two salaries for two jobs encompassed by one paycheck.[3] When the municipal job ended, the county properly eliminated the amount of payment that represented Judge Graves's compensation for his municipal job. The salary, which represented his position as magistrate, was not reduced by the county. It is clear the statute acts to prevent the county from reducing a magistrate's salary; however, it does not prevent the county from eliminating an additional payment for a job the magistrate no longer performs.

Accordingly, the county did not violate section 22–8–40(I) by reducing Judge Graves's salary after his job of municipal judge was eliminated.

**AFFIRMED.**

---

**3.** This finding is supported by Judge Graves's payment agreements for the three fiscal years prior to the elimination of his municipal job, which show separate sums for county and city work.

476

TOAL, C.J., PLEICONES, J., and Acting Justice GEORGE T. GREGORY, Jr., concur.

BURNETT, J., dissenting in a separate opinion.

BURNETT, Justice:

I respectfully dissent. I would adhere to this Court's original opinion and hold the county violated S.C.Code Ann. § 22–8–40(I) (1976) when it reduced Judge Graves's salary during his tenure as magistrate.

The majority finds Judge Graves held two distinct and separately compensated judicial positions; thus, the county could eliminate his salary for one of those positions without contravening § 22–8–40(I). As I view the facts of this case, Judge Graves was a full-time magistrate whose duties to the county included serving as municipal judge for the City of Mullins. Therefore, in my view, the county violated § 22–8–40(I) by reducing Judge Graves's salary simply because his duties changed.

Chief Justice Lewis ordered that

[A]ny magistrate in Marion County may be *assigned* to service as the municipal judge for the municipality of Mullins. . . . The magistrate assigned to serve as municipal judge shall retain the powers, duties and jurisdiction conferred upon magistrates. The magistrate *shall not be compensated for his service by the municipality.*

(emphasis added). As I read the Chief Justice's order, serving as municipal judge was to be a duty assigned to a Marion County magistrate. Moreover, the order explicitly forbids the city to compensate the magistrate. In my opinion, finding Judge Graves worked two jobs for which he was separately compensated allows the county to circumvent the Chief Justice's order prohibiting the city to compensate the magistrate.[4]

This Court has previously refused to permit a county to avoid paying appropriate compensation to a magistrate

---

4. In finding Judge Graves held two distinct jobs, for which he was separately compensated, the county council found "[t]he payment

through hyper-technical division of a magistrate's duties. In *Ramsey v. County of McCormick*, 306 S.C. 393, 412 S.E.2d 408 (1991), the county paid Judge Ramsey $5,200 as a part-time magistrate, the $1,500 statutory supplement for her duties as chief magistrate, and $8,500 for her full-time secretarial duties. We held Judge Ramsey was entitled to a full-time chief magistrate's $17,000 salary and $3,000 supplement. We reasoned that because a magistrate's judicial function, by statutory definition,[5] includes time spent performing ministerial duties, Judge Ramsey was "in substance, performing the duties of full-time Chief Magistrate." *Id.* at 398, 412 S.E.2d at 411. Therefore, the county could not avoid paying her a full-time chief magistrate's salary by classifying her as a part-time magistrate and full-time secretary.

The situation here is analogous to that in *Ramsey*. Judge Graves has at all times been employed by the county as a full-time magistrate. In my opinion, the county violated § 22–8–40(I) when it reduced Judge Graves's salary during his tenure in office. I would reverse.

---

agreements for the last three fiscal years show the amount [Judge Graves] was being compensated by the County *and by the City of Mullins*." (emphasis added). The county council further noted that when the city terminated its contract with the county, "the stipend which [Judge Graves] was receiving *from the City of Mullins* was done away with." (emphasis added).

