721 S.E.2d 469

**William T. JERVEY, Jr., Employee, Respondent,**

v.

**MARTINT ENVIRONMENTAL, INC., Employer, and General Casualty Insurance Company, Carrier, Appellants.**

No. 4930.

Court of Appeals of South Carolina.

Heard Oct. 31, 2011.

Decided Jan. 25, 2012.

Rehearing Denied March 30, 2012.

444

E. Ros Huff, Jr., of Irmo, for Appellants.

Andrew Nathan Safran, of Columbia, for Respondent.

SHORT, J.

Martint Environmental, Inc. (Martint) and General Casualty Insurance Company (collectively, Appellants) appeal the circuit court's order vacating in part and affirming in part the order of the Appellate Panel of the Workers' Compensation Commission, arguing the court erred in finding: (1) section 42–9–260 of the South Carolina Code is a time bar for raising a defense against compensability; (2) William Jervey could raise both waiver and laches as. affirmative defenses; and (3) Jervey suffered from a compensable injury by accident in the course and scope of his employment. We affirm as modified.

## FACTS

On January 23, 2006, Jervey was working for Martint when a pipe he was carrying spilled sulfuric acid on his neck, face, and back. The next day, Martint began paying Jervey temporary total disability payments and covering his medical bills.[1]

---

1. The circuit court found the compensation payments from Martint to Jervey have continued without interruption since January 24, 2006.

Jervey subsequently developed post-traumatic stress disorder and began having cervical disc problems. Thereafter, on June 29, 2007, he filed a Form 50 seeking treatment for his cervical problems and designation of Dr. Donald Johnson as his authorized treating physician. Martint filed a Form 51 denying Jervey's requested treatment and that he had sustained a compensable injury. Jervey then filed a Form 58, pre-hearing brief, asserting in pertinent part that Martint's claims are "barred by several legal doctrines, including waiver, estoppel and laches." Also, Jervey claimed that, despite knowing all the relevant facts, Martint failed to assert its defense for approximately fifteen months, while it paid him weekly compensation and provided him with treatment.

During a pre-hearing conference, the single commissioner took testimony on the issue of compensability, and Jervey's attorney made a motion asserting Martint could not raise any defenses as to the compensability of the claim because Martint accepted the claim and paid Jervey temporary total disability payments beyond the 150–day time limit established in section 42–9–260 of the South Carolina Code. Jervey claimed the only issue Martint could litigate was Jervey's request for treatment for his cervical problems. The commissioner agreed and ruled Martint could not raise a defense on compensability after 150 days. At that time, Martint stipulated "the medical evidence to date indicate[d] a cervical problem that the doctors [said] is causally related."

In his order, the commissioner reviewed section 42–9–260 of the South Carolina Code, and found the language was explicit:

Section 42–9–260 clearly establishes that an Employer/Carrier: (a) "**may** start temporary disability payments . . . [once] an employee has been out of work due to a work-related injury . . . for eight days"; (b) is afforded a 150–day grace period, during which it may conduct "a good faith investigation" to determine whether any "grounds for denial of the claim" exist; and (c) does not "waive . . . any grounds for good faith denial," **provided the defense is raised within the prescribed period.** This language likewise: (a) limits this grace period to "one hundred fifty days from the date the injury . . . is reported"; and (b) **invokes a "waiver of any grounds for good faith denial" in the event**

**payments are continued beyond expiration of this grace period.**

(Emphasis in original.) The commissioner further found Martint did not attempt to disclaim liability for Jervey's injuries until approximately 450 days after receiving notification of the accident. Moreover, Martint's denial stems from the same allegation that was listed on its January 24, 2006 Form 12–A, in which Martint asserted Jervey was asked not to "touch or dismantle the sulfuric acid system." Therefore, the commissioner's order provided Martint must: (a) continue to pay Jervey weekly compensation at the rate of $586.11 until such time as this obligation is relieved by further order of the commission or agreement of the parties; (b) accept financial responsibility for all causally-related medical treatments Jervey has received, including those provided by Dr. Johnson; and (c) authorize the additional medical treatments prescribed by Dr. Johnson and Dr. Roger Deal.

Martint subsequently filed a Form 30, appealing the commissioner's order on thirty-four grounds. The Appellate Panel agreed with the commissioner that Jervey was entitled to temporary total disability payments and medical benefits including those provided by Dr. Johnson and Dr. Deal; however, it vacated the commissioner's ruling that the statute of limitations in section 42–9–260 barred Martint's defense, and instead found the doctrines of waiver and laches prohibited Martint's defense. Jervey filed an appeal with the circuit court, arguing the Appellate Panel erred in vacating the commissioner's determination that section 42–9–260 prohibited Martint from asserting its compensability defense. Martint filed its appeal with the circuit court four days later, raising twenty-three points of alleged error, including that the Appellate Panel erred in applying the doctrines of waiver and laches. Following a hearing, the circuit court issued its order affirming the Appellate Panel's order in all respects except for the portion that vacated the single commissioner's legal conclusions concerning the impact of the statute of limitations in section 42–9–260(A). The court also reinstated the award of compensation and medical benefits and dismissed Martint's appeal. This appeal followed.

## STANDARD OF REVIEW

■ The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions by the Appellate Panel of the Workers' Compensation Commission. *Fredrick v. Wellman, Inc.*, 385 S.C. 8, 15–16, 682 S.E.2d 516, 519 (Ct.App.2009); *see Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). Under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse or modify the Appellate Panel's decision if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." S.C.Code Ann. § 1–23–380(5) (Supp.2010); *see Stone v. Traylor Bros., Inc.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004). Our supreme court has defined substantial evidence as evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the Appellate Panel reached. *Lark*, 276 S.C. at 135, 276 S.E.2d at 306. "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).

## LAW/ANALYSIS

### I. Statute of Limitations

■ Martint argues the circuit court erred in finding section 42–9–260 of the South Carolina Code is a time bar for raising a defense against compensability. We agree.

■ The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Blackburn v. Daufuskie Island Fire Dist.*, 382 S.C. 626, 629, 677 S.E.2d 606, 607 (2009). "In ascertaining legislative intent, 'a court should not focus on any single section or provision but should consider the language of the statute as a whole.'" *Gov't Emps. Ins. Co. v. Draine*, 389 S.C. 586, 592, 698 S.E.2d 866, 869 (Ct.App.2010) (quoting *Mid–State Auto Auction of Lex-*

*ington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996)). "Unless there is something in the statute requiring a different interpretation, the words used in a statute must be given their ordinary meaning." *S.C. Coastal Conservation League v. S.C. Dep't of Health and Env't Control,* 390 S.C. 418, 425, 702 S.E.2d 246, 250 (2010). "When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning." *Id.* at 425–26, 702 S.E.2d at 250. If two provisions have an irreconcilable conflict, our courts have used the "last legislative expression rule," which provides "where conflicting provisions exist[ ], the last in point of time or order of arrangement, prevails." *Eagle Container Co. v. Cnty. of Newberry,* 379 S.C. 564, 572, 666 S.E.2d 892, 896 (2008) (quoting *Ramsey v. Cnty. of McCormick,* 306 S.C. 393, 397, 412 S.E.2d 408, 410 (1991)). However, the last legislative expression rule "is purely an arbitrary rule of construction and is to be resorted to only when there is clearly an irreconcilable conflict, and all other means of interpretation have been exhausted." *Id.* (quoting *Feldman v. S.C. Tax Comm'n,* 203 S.C. 49, 54, 26 S.E.2d 22, 24 (1943)).

Section 42–9–260(A) of the South Carolina Code provides "[w]hen an employee has been out of work due to a reported work-related injury or occupational disease for eight days, an employer may start temporary disability payments immediately and may continue these payments for **up to one hundred fifty days** from the date the injury or disease is reported **without waiver of any grounds for good faith denial.**" S.C.Code Ann. § 42–9–260(A) (Supp.2010) (emphasis added). Section 42–9–260(B) states that "[o]nce temporary disability payments are commenced, the payments may be terminated or suspended immediately at any time within the one hundred fifty days if: . . . (3) a good faith investigation by the employer reveals grounds for denial of the claim. . . ." S.C.Code Ann. § 42–9–260(B) (Supp.2010). Section 42–9–260(F) provides: "After the one-hundred-fifty-day period has expired, the commission shall provide by regulation the method and procedure by which benefits may be suspended or terminated for any cause, but the regulation must provide for an evidentiary hearing and commission approval prior to termination or suspension. . . ." S.C.Code Ann. § 42–9–260(F) (Supp.2010).

Martint argues section 42–9–260(F) provides the Commission with the authority to designate procedures for terminating benefits after the 150–day period "for any cause," which includes a good faith defense, and the Commission neglected to adopt a procedure. Although the Commission adopted Regulation 67–506 [2] to establish the procedure for terminating disability benefits after the first 150–days after the employer's notice of the injury, Martint asserts the regulation does not address the procedure for terminating benefits based on a denial of compensability, and the statute's clear "for any cause" language is plain and unambiguous and "must be interpreted to include a good faith defense on the issue of compensability." Thus, Martint contends it can raise the issue of compensability as a good faith defense after the 150–day period has expired.

In *Fredrick v. Wellman, Inc.*, 385 S.C. 8, 682 S.E.2d 516 (Ct.App.2009), this court addressed the issue. Fredrick argued that when 150 days from the first report of injury have expired, payments may be terminated or suspended for only those reasons set forth in Regulations 67–505 and –506 and Form 21. *Id.* at 18, 682 S.E.2d at 521. Fredrick asserted Wellman's fraud defense was not properly before the commissioner because Wellman failed to assert it within 150 days from the date the injury was first reported, and Wellman failed to raise the fraud defense in its Form 21.[3] *Id.* at 17, 682 S.E.2d at 520. This court disagreed and held that section 42–9–260(F) permits an employer to terminate benefits for any cause after the expiration of the 150 days; thus, Wellman's fraud defense was properly before the commissioner. *Id.* at 19, 682 S.E.2d at 521. Because *Fredrick* held section 42–9–260(F) permits an employer to terminate benefits for any cause after the expiration of 150 days, we find Martint is not prohibited from asserting its defense. Therefore, the Appellate Panel was correct in vacating the single commissioner's finding that section 42–9–260 is a time bar for raising a defense against compensability.

---

**2.** 25A S.C.Code Ann. Regs. 67–506 (Supp.2010).

**3.** Wellman asserted Fredrick's concealment of prior back problems vitiated their employment relationship. *Id.* at 16, 682 S.E.2d at 519–20. Here, there is no allegation of fraud.

## II. Affirmative Defenses

 Martint argues the circuit court erred in finding Jervey could raise both waiver and laches as affirmative defenses. We disagree.

 Waiver is the "voluntary and intentional relinquishment or abandonment of a known right." *Strickland v. Strickland,* 375 S.C. 76, 85, 650 S.E.2d 465, 470 (2007). The party claiming waiver must show the other party possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they were dependent. *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime,* 307 S.C. 339, 344, 415 S.E.2d 384, 387–88 (1992). "The doctrine of waiver does not necessarily imply that the party asserting waiver has been misled to his prejudice or into an altered position." *Id.* at 344, 415 S.E.2d at 388. Laches is an equitable doctrine that our courts have defined as "neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done." *Historic Charleston Holdings, LLC v. Mallon,* 381 S.C. 417, 432, 673 S.E.2d 448, 456 (2009) (quoting *Hallums v. Hallums,* 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988)). "[T]o establish laches as a defense, a party must show that the complaining party unreasonably delayed its assertion of a right, resulting in prejudice to the party asserting the defense of laches." *Id.* "[W]hether laches applies in a particular situation is highly fact-specific, so each case must be judged on its own merits." *Muir v. C.R. Bard, Inc.,* 336 S.C. 266, 297, 519 S.E.2d 583, 599 (Ct.App.1999).

Martint asserts Jervey did not amend his Form 50 to raise the defense of waiver and laches, and he did not raise it as an issue during the hearing before the single commissioner. Therefore, Martint maintains the issue was not before the commissioner and was waived by Jervey. However, Jervey filed a Form 58, pre-hearing brief, in which he asserted Martint's claims were barred by several legal doctrines, including waiver, estoppel, and laches. In *Fredrick,* this court found a prehearing brief effectively amended a Form 51 Answer, and the prehearing brief provided Fredrick and the Commission with ample notice of the fraud defense. *Fredrick,* 385 S.C. at 20, 682 S.E.2d at 522. Martint did not object to

Jervey's pre-hearing brief at the October 15, 2007 hearing. Additionally, in its Form 30 appeal to the appellate panel, Martint raised thirty-four issues; however, none of these allege Jervey's waiver and laches arguments were untimely or improper. Instead, Martint only argued the single commissioner erred in concluding its conduct satisfied the criteria for waiver and laches. Therefore, we find Jervey's defenses of waiver and laches were properly before the single commissioner.

■ Additionally, we find Martint's argument that Jervey did not amend his Form 50 to raise the defense of waiver and laches or raise it as an issue during the hearing before the single commissioner is not preserved for our review because it did not raise the argument to the single commissioner or the Appellate Panel. *Pratt v. Morris Roofing, Inc.*, 353 S.C. 339, 352, 577 S.E.2d 475, 481–82 (Ct.App.2003) (stating an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the single commissioner or in a request for commission review of the single commissioner's order to be preserved for appellate review). Furthermore, we find because Martint knew of its defense the day of the accident, yet it paid and has continued to pay Jervey disability compensation, and it did not assert the defense until at least 450 days after the accident, the evidence supports the Appellate Panel's finding that Martint's defense is barred by the doctrine of waiver and laches.[4]

### III. Compensable Injury

Martint argues the circuit court erred in finding Jervey suffered from a compensable injury by accident in the course and scope of his employment because he was working outside the scope of his employment when he "was asked not [to] touch or dismantle the sulfuric acid system," and he "did not use [the] provided safety gear." We need not address this issue because we find the doctrines of waiver and laches prohibit Martint from asserting its compensability defense. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C.

---

4. From our review of the record, Martint did not assert its defense until it filed a Form 51 on July 27, 2007, which was 510 days after the date of the accident.

598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the circuit court's order is affirmed as modified, reinstating the Appellate Panel's finding that section 42–9–260 does not prohibit Martint from asserting its compensability defense. However, we find Martint's defense is barred by the doctrine of waiver and laches because Martint knew of its defense the day of the accident, yet it paid and has continued to pay Jervey disability compensation, and it did not assert the defense until at least 450 days after the accident.

**AFFIRMED AS MODIFIED.**

WILLIAMS and GEATHERS, JJ., concur.