**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Garris Gantt (Deceased Employee), Frieda Gantt, Kegan P., Logan P., Kara Gantt-Myers, Janine Felts, and Keane Allen, Claimants,

Of Whom James Garris Gantt (Deceased Employee), Frieda Gantt, Kegan P., and Logan P., are, Respondents, and,

Of Whom Kara Gantt-Myers, Janine Felts, and Keane Allen are Appellants,

v.

Thomasson Management Corporation, Employer, and Travelers Indemnity Company, Carrier, Respondents.

Appellate Case No. 2011-191586

―――――――――

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

―――――――――

Unpublished Opinion No. 2012-UP-384
Heard June 6, 2012 – Filed June 20, 2012

―――――――――

**AFFIRMED**

―――――――――

Gretchen Aynsley Rogers, of Mickle & Bass, LLC, of Columbia, for Appellants.

David Vance Benson and Andrew W. Creech, both of Elrod Pope Law Firm, of Rock Hill, for Respondents.

---

**PER CURIAM:**  Appellants argue Frieda Gantt is not entitled to receive workers' compensation benefits from the death of James Gantt.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Ardis v. Combined Ins. Co.*, 380 S.C. 313, 320, 669 S.E.2d 628, 632 (Ct. App. 2008) ("Our review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law." (citation omitted)); S.C. Code Ann. § 42-9-290 (Supp. 2011) (providing when death results proximately from and within two years of a compensable work accident, the employer shall pay benefits "to the dependents of the employee wholly dependent upon his earnings for support at the time of the accident"); *Adams v. Texfi Indus.*, 320 S.C. 213, 216, 464 S.E.2d 109, 111 (1995) ("One may be deemed wholly dependent either through a conclusive statutory presumption under section 42-9-110 or through a factual demonstration under section 42-9-120."); S.C. Code Ann. § 42-9-110 (1985) ("A surviving spouse or a child shall be conclusively presumed to be wholly dependent for support on a deceased employee."); S.C. Code Ann. § 42-1-175 (1985) ("The term 'surviving spouse' includes only the decedent's wife or husband living with or dependent for support upon the decedent at the time of the decedent's death . . . ."); *Jervey v. Martint Envtl., Inc.*, 396 S.C. 442, 449, 721 S.E.2d 469, 472 (Ct. App. 2012) ("'When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning.'" (citation omitted)).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**