750 S.E.2d 90

**William T. JERVEY, Jr., Employee, Respondent–Petitioner,**

v.

**MARTINT ENVIRONMENTAL, INC., Employer, and General Casualty Insurance Company, Carrier, Petitioners–Respondents.**

Appellate Case No.2012–212027.

No. 27325.

Supreme Court of South Carolina.

Submitted Oct. 1, 2013.

Decided Oct. 23, 2013.

E. Ross Huff, Jr. and Shelby H. Kellahan, both of Huff Law Firm, LLC, of Irmo, for Petitioners–Respondents.

Andrew N. Safran, of Columbia, for Respondent–Petitioner.

Stephen B. Samuels, of Samuels Law Firm, LLC, of Columbia, for Amicus Curiae Injured Workers' Advocates.

PER CURIAM:

Petitioners-respondents (Martint) and respondent-petitioner (Jervey) each seek a writ of certiorari to review the Court of Appeals' decision in *Jervey v. Martint Envtl., Inc.*, 396 S.C. 442, 721 S.E.2d 469 (Ct.App.2012). Martint maintains the Court of Appeals erred in holding Martint's claim that Jervey's injuries were not compensable was barred by the doctrines of laches and waiver because Martint did not assert compensability as a defense for more than 450 days after it began paying benefits. Jervey maintains the Court of Appeals erred in holding S.C.Code Ann. § 42–9–260 (Supp.2012) did not operate as a statute of limitations to bar Martint's belated denial of compensability. Specifically, Jervey maintains section 42–9–260 provides that an employer may only raise compensability as a defense within the first 150 days after an injury if the employer begins paying benefits.

We deny Martint's petition for a writ of certiorari to review the Court of Appeals' decision as to the issues of laches and waiver. In light of the denial of Martint's petition for a writ of certiorari, we find it is unnecessary to address the issues raised by Jervey. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address any remaining issues if the disposition of a prior issue is dispositive). Nevertheless, because determination as to the issues of laches and waiver is dispositive, we grant Jervey's petition for a writ of certiorari, dispense with further briefing, and vacate that portion of the Court of Appeals' opinion addressing the import of section 42–9–260.

**VACATE IN PART**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE, and HEARN, JJ., concur.