**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In re: Arthur Jayroe, Jr., Appellant,

v.

Newberry County, Respondent.

Appellate Case No. 2016-000305

_____

Appeal From the Newberry County Council

_____

Unpublished Opinion No. 2018-UP-347
Submitted April 11, 2018 – Filed August 1, 2018

_____

**AFFIRMED**

_____

Desa Ballard and Harvey M. Watson, III, both of Ballard & Watson, Attorneys at Law, of West Columbia, for Appellant.

Steve A. Matthews, of Haynsworth Sinkler Boyd, PA, of Columbia; Christine Gantt Sorenson and Sarah P. Spruill, both of Haynsworth Sinkler Boyd, PA, of Greenville; and Pierce Talmadge MacLennan, of Haynsworth Sinkler Boyd, PA, of Charleston, all for Respondent.

_____

**PER CURIAM:** Arthur Jayroe appeals the decision of the Newberry County Council (the Council)[1] finding he was not entitled to additional compensation for his former service as a part-time magistrate judge in Newberry County (the County). On appeal, Jayroe argues the Council erred because the County reduced his compensation during his tenure, improperly withheld his wages, and failed to compensate him for the time he spent on call in violation of the Magistrate's Pay Act[2] and Payment of Wages Act.[3] We affirm.

## STANDARD OF REVIEW

"Determining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law de novo." *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).

## REDUCTION IN SALARY

Jayroe argues the County improperly reduced his salary during his tenure in violation of section 22-8-40(J) of the South Carolina Code (2007) by eliminating the $4,500 on-call stipend he was receiving. He contends he was receiving more than the minimum salary because the stipend was not required by the statute and the County treated it as a part of his salary by deducting for taxes and social security. Jayroe argues the County reduced his salary when it eliminated the stipend. We disagree.

The Magistrates Pay Act "defines 'part-time' and 'full-time' magistrates, and provides the minimum compensation a county must pay its magistrates, depending upon population." *Ramsey v. County of McCormick*, 306 S.C. 393, 396, 412 S.E.2d 408, 410 (1991). "Part-time magistrates are entitled to a proportionate percentage of the salary provided for full-time magistrates." S.C. Code Ann. § 22-8-40(F) (2007). The Magistrates Pay Act sets the base salary a magistrate must be paid but does not prohibit a county from paying more than the base salary. S.C. Code Ann. §§ 22-8-40(K) & (L) (2007). "A magistrate who is receiving a salary

---

[1] This appeal was properly filed in the court of appeals. *See* S.C. Code Ann. § 22-8-50 (2007) (explaining magistrates aggrieved by county actions must petition the county for redress and those decisions are then subject to judicial review pursuant to section 1-23-380 of the South Carolina Code (Supp. 2017)); § 1-23-380 ("[A]n appeal is to the court of appeals").

[2] S.C. Code Ann. §§ 22-8-10 to -50 (2007).

[3] S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2017).

greater than provided for his position under the [Magistrates Pay Act] must not be reduced in salary during his tenure in office . . . ."  § 22-8-40(J).

We find the County did not improperly reduce Jayroe's salary during his tenure because the on-call stipend was not part of his salary.  The stipend was not specifically meant for Jayroe.  Instead, the 1995 county council meeting minutes provided that the stipend was to be split among the chief magistrate and associate chief magistrate.  Although there was no associate chief magistrate during the time Jayroe served as chief magistrate, the stipend could be split among the other magistrates.  For example, when Jayroe first started as chief magistrate, he directed the County to split the stipend between him and another magistrate, and the County complied until Jayroe directed it to pay all of the stipend to him.

We also do not agree with Jayroe's argument that the stipend was included in his salary by virtue of it being paid in one paycheck with his magistrate supplement and salary.  In *Graves v. County of Marion*, our supreme court held section 22-8-40(J) "does not prevent the county from eliminating an additional payment for a job the magistrate no longer performs" even when the additional payment was "encompassed by one paycheck."  346 S.C. 472, 475, 552 S.E.2d 709, 710–11 (2001).  In *Graves*, the magistrate also served as a municipal judge for the city of Mullins pursuant to a contract between the county and the city.  *Id.* at 473–74, 552 S.E.2d at 709–10.  The chief justice of the supreme court issued an order acknowledging the contract and indicating the magistrate serving as the municipal judge could not be compensated by the city.  *Id.* at 473, 552 S.E.2d at 709–10.  However, the order did not discuss whether the county could compensate the magistrate, and the county chose to compensate him.  *See id.* at 474, 552 S.E.2d at 710.  When the city terminated the contract, the county reduced the magistrate's compensation by $9,000.  *Id.*  The supreme court found this did not violate section 22-8-40(J).  *See id.* at 475, 552 S.E.2d at 710.  Similarly, the on-call stipend was to compensate Jayroe for performing additional duties and could have been split among multiple magistrates who were performing on-call duties.  Further, the County replaced the stipend with a new compensation scheme to pay magistrates for hours spent responding to calls.  Therefore, we find the County did not improperly reduce Jayroe's salary during his tenure.

## ON-CALL COMPENSATION

Jayroe argues South Carolina law requires the County to pay him, and other magistrates, for any time they spent on call, regardless of whether they responded to calls during that time.  Jayroe asserts the County improperly refused to

compensate him for the time he spent on call during weeknights after it eliminated the stipend. We disagree.

A part-time magistrate is entitled to a proportionate percentage of the salary of a full-time magistrate, which is calculated by dividing the number of hours a week the part-time magistrate "spends in the performance of his duties" by forty. § 22-8-40(F). Part-time magistrates should also be "compensate[ed] for time 'scheduled to be spent on call.'" *Ramsey*, 306 S.C. at 397, 412 S.E.2d at 411 (quoting § 22-8-40(F)).

> The number of hours a week that a part-time magistrate spends in the exercise of the judicial function, and scheduled to be spent on call, must be the average number of hours worked and is fixed by the county governing body upon the recommendation of the chief magistrate. However, a part-time magistrate *must not* work more than forty hours a week, unless directed to do so on a limited and intermittent basis by the chief magistrate.

§ 22-8-40(F) (emphasis added).

We agree with the County's argument that part-time magistrates are only entitled to be compensated for time they spend responding to calls rather than time they are available to respond to calls. We find this distinction best effectuates the intent of the legislature in the Magistrate's Pay Act to fairly compensate part-time magistrates for all time they spend in performance of their official duties. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."). Jayroe was free to use his time effectively for his own purposes while on call as long as he could respond to any calls within one hour and was able to function. The County only required Jayroe to work six office hours per week. However, Jayroe regularly assigned himself all weeknight on-call hours despite the express language in section 22-8-40(F) stating part-time magistrates cannot regularly work more than forty hours per week. Requiring a county to pay part-time magistrates for all time allotted to be on call would go directly against the language of section 22-8-40(F) and lead to an absurd result, especially here where a part-time magistrate scheduled himself to be on call for seventy-seven hours per week. *See Unisun Ins. Co. v. Schmidt*, 339 S.C. 362, 368, 529 S.E.2d 280, 283 (2000) (explaining courts "will reject a statutory interpretation when to

accept it would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention"). Therefore, we hold Jayroe was only entitled to compensation for the hours he worked responding to calls.

Next, we disagree with Jayroe's argument that the County failed to compensate him for his on-call hours after it eliminated the stipend. After eliminating the stipend, the County initiated a new on call reporting system requiring each magistrate to write down the number of hours they spent responding to calls each week— Sunday through Saturday—and submit the form to the human resources department. Jayroe never reported working any on-call hours through the new system. Thus, there were no on-call hours reported after the elimination of the stipend for which the County could pay Jayroe.

**COMPENSATION AS A FULL-TIME MAGISTRATE**

Jayroe contends he should be compensated as a full-time magistrate who works forty or more hours per week because he worked seventy-seven on-call hours per week and six office hours per week.[4] We disagree.

"'Full-time magistrate' means a magistrate who regularly works forty hours a week performing official duties required of a magistrate as a judicial officer." S.C. Code Ann. § 22-8-10(2) (2007). "'Part-time magistrate' means a magistrate who regularly works less than forty hours a week performing official duties required of a magistrate as a judicial officer." S.C. Code Ann. § 22-8-10(3) (2007).

> [T]he hours [magistrates] spend in the performance of their official duties are hours spent in the exercise of their judicial function. The exercise of the judicial function involves the examination of facts leading to findings, the application of law to those findings, and the ascertainment of the appropriate remedy. Time spent in the performance of judicial functions also includes time

---

[4] Jayroe also contends he should receive an additional amount for the difference between the part-time chief magistrate supplement and the full-time chief magistrate supplement. *See* S.C. Code Ann. § 22-8-40(G) (2007) ("A full-time chief magistrate must be paid a yearly supplement of three thousand dollars [and a] part-time chief magistrate must be paid a yearly supplement of fifteen hundred dollars . . . .").

> spent performing ministerial duties necessary for the
> exercise of the magistrates' judicial powers, as well as
> necessary travel and training time. In the case of chief
> magistrates, the judicial function includes time necessary
> to perform the administrative and other duties required of
> a chief magistrate for administrative purposes. The
> classification or reclassification of magistrates as full[-
> ]time or part[-]time must be made in consideration of
> these factors.

S.C. Code Ann. § 22-8-20 (2007).

In *Ramsey*, our supreme court found a county improperly classified a magistrate as part-time instead of full-time. 306 S.C. at 397–98, 412 S.E.2d at 411. Ramsey was scheduled to provide "office hours from 9:00 a.m. [to] 5:00 p.m., Monday through Friday, be on call every weeknight, and be on call every fourth weekend." *Id.* at 397, 412 S.E.2d at 411. The county argued Ramsey was only a part-time magistrate but a "full-time secretary." *See id.* The court disagreed, noting Ramsey was "the only magistrate available for *every* hour from 9:00 a.m. Monday until 5:00 p.m. Friday" and "was responsible for issuing search warrants, conducting bond hearings, setting fines, handling traffic tickets, maintaining records, filing reports with court administration, transmitting bonds and fines to appropriate authorities, and conducting correspondence." *See id.* at 397–98, 412 S.E.2d at 411. The court focused on the definition of judicial functions in section 22-8-20 to hold Ramsey was essentially acting as a full-time chief magistrate and ordered the county to pay her a full-time magistrate salary and the chief magistrate supplement. *See id.* at 398, 412 S.E.2d at 411.

We find Jayroe's case is factually distinct from *Ramsey*. Jayroe is similar to Ramsey in that he was performing all weeknight on-call duties himself and participated in the rotating weekend on-call schedule with the other magistrates. However, that is where the similarities end. The County only required Jayroe to work six hours each week compared to forty hours in *Ramsey*. Jayroe only spent six hours per week in his office performing official duties as a judicial officer and, therefore, was properly classified as a part-time magistrate. Although Jayroe was also on call during the weeknights and some weekends, only the hours Jayroe spent responding to calls count in determining whether he should be classified as a full-time magistrate because only the actual hours worked while on call would be spent in performance of his official duties. However, Jayroe did not present any evidence showing exactly how many hours he worked while he was on call. He admitted he did not get called very often during the week, and he never took any

records of when he got called or how long it took him to respond to a call.  Jayroe never recorded any hours he worked while on call even after the County implemented the new on-call reporting system.  The record contains forms Jayroe submitted to court administration in which he never reported working close to forty hours per week.  Thus, we find the County properly classified and compensated Jayroe as a part-time magistrate.

**TREBLE DAMAGES AND ATTORNEY'S FEES**

Jayroe argues the Council erred by finding the County paid Jayroe all wages that were due to him.  Jayroe argues the County refused to pay him the wages he was entitled to for being on call during the weeknights after the County eliminated the stipend in violation of the Payment of Wages Act.  Jayroe contends he is entitled to recover trebled damages and attorney's fees and costs.  We disagree.

"Every employer in the State shall pay all wages due . . . ."  S.C. Code Ann. § 41-10-40(A) (Supp. 2017).  "In case of any failure to pay wages due to an employee . . . the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."  S.C. Code Ann. § 41-10-80(C) (Supp. 2017).

We find the County properly compensated Jayroe.  The County decided to eliminate the on-call stipend in 2014 because it believed it was not in compliance with the Magistrate's Pay Act and offered each magistrate a back pay amount to cover potentially unpaid on-call hours over the previous three years.  Because there were no on-call records kept, the County calculated the amount for each magistrate taking into consideration the amount of time the magistrate served and the rotating on-call schedule then reduced the amount by any payment the magistrate previously received for on-call compensation.  Jayroe did not present any evidence showing how many hours he spent responding to calls during his tenure.  Thus, we find the County properly compensated Jayroe for the hours he spent on call prior to September 2014 through the stipend and back pay amount.  Although Jayroe continued to provide on-call hours after the stipend was eliminated, he never reported working any hours through the newly implemented reporting system.  Therefore, the County could not compensate Jayroe for any on-call hours after September 2014 because he did not report spending any time responding to calls.  As we do not believe the Council erred in ruling Jayroe was not entitled to additional compensation, we find Jayroe is not entitled to trebled damages or attorney's fees.

**CONCLUSION**

Accordingly, the decision of the Council is

**AFFIRMED.**[5]

**THOMAS, KONDUROS, and HILL, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.